[File No. 7046]

DELLA M. BARKER, Appellant, v. LESLIE D. BARKER, Respondent.

(27 NW2d 576, 171 ALR 447)

Opinion filed May 14, 1947

*Lanier & Lanier,* for appellant.
*Harry Lashkowitz,* for respondent.

CHRISTIANSON, Ch. J. The sole question presented for determination on this appeal is whether the complaint states facts sufficient to constitute a cause of action. The complaint alleges:—

**"-1-**

That the plaintiff and the defendant both are citizens of the United States of America; that plaintiff is a resident and citizen of the state of North Dakota; that defendant is a resident and citizen of the state of Nevada.

**-2-**

That defendant is not a member of the armed forces of the United States of America.

**-3-**

That formerly, plaintiff and defendant were husband and wife; that two children were born as the issue of said marriage, a boy, Robert Lyle, and a girl, Delphine Coralie; that under Judgment and Decree of this Court, dated the 27th day of July, 1940, filed and of record in the office of the Clerk of Court for Cass County, North Dakota, a divorce was granted to the parties herein, and the custody of the said minor children given to plaintiff herein.

**-4-**

That shortly after the entry of said Judgment and Decree, and on the 16th day of December, 1942, defendant agreed to purchase a home for plaintiff and the two minor children; that it was understood and agreed by and between plaintiff and defendant that defendant was to make the down payment of three hundred and fifty dollars ($350.00); it was further understood and agreed that plaintiff and defendant were both to sign the note for the deferred payment of the property and the mortgage to secure said deferred payments; it was further agreed that defendant was to make said payments each month as they became due; it was further understood and agreed that the title to said property would be in the name of both plaintiff and defendant.

**-5-**

That pursuant to said agreement, and on the 16th day of December, 1942, plaintiff and defendant did purchase said home,

described as follows, to wit: . . . (Here follows legal description of premises).

–6–

That at the purchase of said property, defendant did pay the three hundred and fifty dollars ($350.00) down payment; that plaintiff and defendant were and are co-signers on the note for the balance of the purchase price; that plaintiff and defendant were and are co-signers on the mortgage to secure the payment of the balance of the purchase price.

–7–

That in absolute violation of the agreement between the parties and totally unbeknown to plaintiff the Executor's Deed transferring title to said property ran solely to the defendant, Leslie D. Barker; that defendant by taking title in himself alone, gained said title by fraud and violation of trust.

–8–

That since the purchase of said property, plaintiff and the two minor children have continuously lived in and are now living in the house situated on said property; that defendant, in violation of his agreement, has totally failed to keep up the payments on said home and has made no payments thereon; that defendant now threatens to sell said property; that the first time plaintiff had any notice or knowledge that the title to said property was not held jointly by both her and defendant was in July, 1946; that since so learning, plaintiff has demanded of defendant that he convey said property to both plaintiff and defendant, and he has refused.

–9–

That defendant holds title to said premises as trustee for plaintiff."

The plaintiff prays that it be adjudged that the defendant holds title to the premises in trust for the plaintiff and defendant, and that the court adjudge and decree that the title to said property is in the plaintiff and defendant jointly, and for

such general relief as may be proper. The defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained and the plaintiff appeals.

The ruling of the trial court appears to have been predicated upon the premise that the facts set forth in the complaint show merely the breach of an oral agreement for the conveyance of an interest in land, for which agreement there was no consideration; that there was no fiduciary or confidential relation between the parties; that consequently a constructive trust did not arise, and plaintiff has no cause of action against the defendant.

Although the complaint does not in terms state that the agreement between the parties was an oral one, the record indicates that the case was disposed of by the trial court on the theory that it was, and the case was argued and submitted in this court on the theory that the agreement was an oral one. Accordingly, we will assume that the agreement set forth in the complaint was an oral agreement.

We are unable to agree with the construction which the trial court placed upon the facts set forth in the complaint or the conclusion reached by that court:—that the complaint fails to set forth facts sufficient to constitute a cause of action. We are of the view that the complaint does state facts sufficient to constitute a cause of action.

According to the complaint the plaintiff and defendant had been husband and wife. During their marriage there were born two children—a boy and a girl, both minors when this action was instituted. In July, 1940 a decree of divorce was rendered and the custody of the children awarded to the plaintiff. In December, 1942 the plaintiff and the defendant entered into an oral agreement whereby the defendant agreed to purchase a home for the plaintiff and their minor children. The defendant agreed to make and did make a down payment of $350.00. Both parties agreed to execute and did execute a promissory note for the balance of the purchase price and a mortgage upon the premises to secure the payment of the note. It was

agreed that the title to the premises should be taken in the name of both the plaintiff and the defendant as grantees. The plaintiff complied with all the parts of the agreement to be performed by her. She executed the note for the balance of the purchase price and the mortgage given to secure payment thereof. She entered into occupancy of the premises with the children and has occupied the same with her children as a home. That is, she has used them for the purposes for which the premises were to be purchased. The plaintiff paid no money but she did contribute to the consideration for the deed by executing a note for the portion of the purchase price that had not been paid in cash and thereby assumed a legal obligation for the portion of the purchase price evidenced by the note. 17 CJS p 431. This note constituted part of the consideration given to the vendor for the deed.

The fact that the marriage ties between the plaintiff and defendant had been severed by the decree of divorce did not place them in the same position as though the marriage relation had never existed. They owed certain natural duties. (Meyer v. Nebraska, 262 US 390, 67 L ed 1042, 43 S Ct 625, 29 ALR 1446; Pierce v. Society of Sisters, 268 US 510, 69 L ed 1070, 45 S Ct 571, 39 ALR 468), and were under legal obligations to their minor children notwithstanding the decree of divorce. 39 Am Jur 635, Parent and Child, § 35; 27 CJS p 1197 et seq.; ND Rev Code 1943, § 14–0524. See also Geary v. Geary, 102 Neb 511, 167 NW 778, 20 ALR 809, and note; Urbach v. Urbach, 52 Wyo 207, 73 P2d 953; 113 ALR 889; annotation in 15 ALR p 569.

The fact that the decree awarded the custody of the minor children to their mother did not cancel the obligations and duties which the father owed to his children. 17 Am Jur 528, Divorce and Separation, § 693 et seq.; annotation in 15 ALR p 569; Kelly v. Kelly, 329 Mo 992, 47 SW2d 762, 81 ALR 875; 27 CJS p 1189 et seq.

"The children are not responsible for the unfortunate differences which have caused the estrangement and separation of the parents and ought not to suffer therefrom. Their

rights do not depend upon the degree of culpability of one or the other parent, and their needs must be provided for whether the existing conditions have been brought about by the fault of one or the other or of both parents." Jacobs v. Jacobs, 136 Minn 190, 161 NW 525, LRA1917D, 971.

It is not the policy of the law of this state "to deprive children of their rights on account of the dissensions of their parents for causes of which they are innocent and by proceedings to which they are not parties. The legal and natural duty of the father to support his children is not to be evaded by him on the ground of his own wrongdoing, or even on the ground of any dissensions whatsoever with his wife. A natural father would not think of doing so, and an unnatural one should not be permitted to do so." 17 Am Jur 529, Divorce and Separation, § 693.

In this state the court "in an action for divorce may provide for the maintenance of a wife and her children, or any of them, by the husband" even though a judgment of divorce is denied. ND Rev Code 1943, § 14–0526. And the provisions of a decree of divorce relating to the maintenance of minor children remain subject to modification by the court from time to time. ND Rev Code 1943, § 14–0524.

The law recognizes that a relationship, known as "confidential relations", may exist between the parties to a transaction where by reason of kinship, or professional, business, social or family relations "confidence is naturally inspired, or, in fact, reasonably exists." 15 CJS pp 821, 822.

Black's Law Dictionary, 3d ed says:—

"It is a peculiar relation which exists between client and attorney, principal and agent, principal and surety, landlord and tenant, parent and child, guardian and ward, ancestor and heir, husband and wife, trustee and *cestui que trust,* executors or administrators and creditors, legatees, or distributees, appointer and appointee under powers, and partners and part owners. In these and like cases, the law, in order to prevent undue advantage from the unlimited confidence or sense of duty which the

relation naturally creates, requires the utmost degree of good faith in all transactions between the parties."

But the term "confidential relations" "is not confined to the strict fiduciary relationship existing between those having definite, well-recognized legal relations of trust and confidence, but extends to every possible case in which a fiduciary relation exists as a fact, though it may be a moral, social, domestic, or merely personal relation, and need not be a legal one." Black's Law Dictionary, 3d ed, pp 394, 395.

"The term 'confidential relation' is very broad and is not confined to any specific association of parties, but applies generally to all persons who are associated by any relation of trust and confidence. Scott v. Brown, 90 Ind App 367, 157 NE 64, 68." 8 Words & Phrases, p 552.

It has been said that a fiduciary or confidential relation "exists, and that relief is granted, in all cases in which influence has been acquired and abused,—in which confidence has been reposed and betrayed. The origin of the confidence and the source of the influence are immaterial. The rule embraces both technical fiduciary relations and those informal relations which exist whenever one man trusts in and relies upon another. The only question is, does such relation in fact exist?" Thomas v. Whitney, 186 Ill 225, 57 NE 808; Irwin v. Sample, 213 Ill 160, 72 NE 687; Merritt v. Easterly, 226 Iowa 514, 284 NW 397; McDaniel v. Schroeder, 128 Okla 91, 261 P 224; Dale v. Jennings, 90 Fla 234, 107 So 175.

Ordinarily, business transactions between a husband and wife will be deemed to be within the rule of confidential relations. 65 CJ p 485, 26 Am Jur 876, Husband and Wife, § 268. That is particularly true as to transactions which involve the care, custody and maintenance of minor children. As has been pointed out the plaintiff and the defendant owed certain duties and obligations to their minor children notwithstanding the decree of divorce. The plaintiff had been awarded custody of the children. The parties agreed upon a plan, in which both should have a part, to provide a home for the plaintiff and the children. They entered into an agreement that a home should be

purchased, to be owned by plaintiff and defendant jointly. The property was purchased and the plaintiff entered into occupancy and established a home for the children according to the agreement.

We are agreed that in the transaction involving the acquisition of the home there existed a confidential relationship between the parties. According to the complaint the defendant did not carry out the arrangement in good faith but violated the trust which had been reposed in him. He failed to have the deed name both the plaintiff and the defendant as grantees and instead had himself named as sole grantee. He failed to inform the plaintiff of this and the plaintiff did not become aware thereof until in July, 1946. When she became aware of the fraud which had been practiced upon her, she demanded of the defendant that he cause the title to be conveyed so as to name her as one of the owners in accordance with the original agreement but the defendant refused to do so. It is apparent from the facts stated that the plaintiff trusted the defendant and that he violated the trust. It is apparent that the failure to have the plaintiff named as one of the grantees was not through oversight or inadvertence, as he refused to rectify the error when it was called to his attention. The facts as set forth in the complaint show that the defendant was guilty of fraud.

"Fraud in equity includes all willful or intentional acts, omissions, and concealments which involve a breach of either legal or equitable duty, trust, or confidence, and are injurious to another, or by which an undue or unconscientious advantage over another is obtained." 3 Pomeroy, Equity Jurisprudence 5th ed p 422.

Under the facts set forth in the complaint and admitted by the demurrer a trust was created by operation of law. ND Rev Code 1943, §§ 59–0303, 59–0105, 59–0106; Arntson v. First Nat. Bank, 39 ND 408, 167 NW 760, LRA1918 F 1038; Cardiff v. Marquis, 17 ND 110, 114 NW 1088; 54 Am Jur 173, Trusts, § 225; 1 Scott, Trusts p 253, § 44.2; 1 Perry, Trusts 7th ed p 267, § 166.

"While a confidential or fiduciary relationship does not in

itself give rise to a constructive trust, an abuse of confidence rendering the acquisition or retention of property by one person unconscionable against another suffices generally to .ground equitable relief in the form of the declaration and enforcement of a constructive trust, and the courts are careful not to limit the rule or the scope of its application by a narrow definition of fiduciary or confidential relationships protected by it. An abuse of confidence within the rule may be an abuse of either a technical fiduciary relationship or of an informal relationship where one person trusts in and relies upon another, whether the relation is a moral, social, domestic, or merely personal one. The origin of the confidence reposed is immaterial. A confidential relationship within the rule need involve neither a promise for the benefit of another nor an express fiduciary relationship." 54 Am Jur 173, Trusts, § 225.

"If a person obtains the legal title to property by such arts or acts or circumstances of circumvention, imposition, or fraud, or if he obtains it by virtue of a confidential relation and influence under such circumstances that he ought not, according to the rules of equity and good conscience as administered in chancery, to hold and enjoy the beneficial interest of the property, courts of equity, in order to administer complete justice between the parties, will raise a trust by construction out of such circumstances or relations; and this trust they will fasten upon the conscience of the offending party and will convert him into a trustee of the legal title, and order him to hold it or to execute the trust in such manner as to protect the rights of the defrauded party and promote the safety and interests of society." 1 Perry, Trusts, 7th ed p 267, § 166.

The order appealed from is reversed and the cause remanded for further proceedings conformable to the law.

BURR, NUESSLE and BURKE, JJ., concur.

MORRIS, J., concurring specially. The complaint sets forth an agreement to purchase real property, the title to be held in the name of both parties. The plaintiff signed and thus obli-

gated herself to pay the purchase note and the mortgage securing it. She went into possession pursuant to the agreement. The defendant took title in his name alone in violation of the agreement. The facts thus stated in the complaint set forth a cause of action for the declaration of a constructive trust by a court of equity regardless of parental obligations or the former marital status of the parties. Fox v. Fox, 56 ND 899, 219 NW 784.

I, therefore, concur in the result.