## T. C. GORDON, Appellant, *v.* CAL-NEVA LODGE, Inc., Respondent.

No. 3847

December 16, 1955.                    291 P.2d 1054

*Stewart and Horton,* of Reno, for Appellant.

*Woodburn, Forman, Wedge, Blakey & Thompson,* of Reno, for Respondent.

# O P I N I O N

By the Court, MERRILL, C. J.:

This is an appeal taken by the plaintiff below from an order of involuntary dismissal of the action entered by the trial judge. The case was tried to the court below without a jury. Under Rule 41(b) N.R.C.P. the order was entered after plaintiff had completed presentation of his evidence on the ground that upon the facts and the law plaintiff had failed to prove a sufficient case for the court. Upon this appeal the plaintiff contends that a sufficient case had been proved and that the court thus was in error in ordering involuntary dismissal.

Upon this issue plaintiff's evidence and all inferences that reasonably can be drawn from it must be deemed admitted and the evidence must be interpreted in the light most favorable to plaintiff. Corn v. French, 71 Nev. 280, 289 P.2d 173. It is conceded that this well-recognized rule applies whether the trier of fact be judge or jury. McCafferty v. Flinn, 32 Nev. 269, 107 P. 225.[1]

Plaintiff's evidence establishes the following facts: He suffered injury by bumping his head after entering a telephone booth located upon defendant's premises. Plaintiff stands six feet, four inches tall. The door of the booth was five feet, ten and three-quarter inches high. A standard interior door is six feet, eight inches

---

[1]In this respect N.R.C.P. differs from the federal rules which provide that in a trial before a court without a jury the court, on granting involuntary dismissal, may properly determine all factual questions, make findings and render judgment on the merits. Fed. Rules Civ. Proc. Rule 41(b), 28 U.S.C.A. These provisions were eliminated from our Rule 41(b). With reference to this matter the advisory committee notes read as follows: "The purpose is to retain existing Nevada law so that every inference in favor of the plaintiff must be drawn upon a motion to dismiss. The court though acting without a jury is not to consider weight or credibility upon this motion."

high. The header or top portion of the doorframe of the booth was unusually wide, extending into the booth 11 inches. A standard header, the width of the doorframe, is six and five-eighths inches wide. Before entering the booth plaintiff observed the fact that the door was not of normal height and was fully aware of the fact that he would have to stoop to enter the booth. He was unaware of the fact that the header was of greater than normal width. This fact was not apparent to him since it was obscured at first by the closed door of the booth and, once that door was opened, remained obscured by the outer doorframe. It could only have been noted by plaintiff by looking up as he entered the booth in a stooped position. After entering he "raised up" as he ordinarily would have "raised up" and struck his head with force on the header. This was not an uncommon occurrence in this booth. One of defendant's employees testified to seeing 50 to 60 persons bump their heads on entering the booth. There was no warning sign posted and plaintiff had received no other form of warning.

Defendant concedes that plaintiff was a business visitor, that defendant was aware of the structural characteristics of the booth and that, interpreted most favorably to plaintiff, the evidence is sufficient to show negligence on the part of defendant. Defendant's sole contention on this appeal is that plaintiff was guilty of contributory negligence as a matter of law in failing to ascertain the fact that the doorheader constituted a hazard. Defendant concedes that a business visitor ordinarily has the right to presume that premises may safely be put to the purposes for which they are furnished. Defendant contends, however, that since plaintiff had notice that the door itself was not of standard size he had no right to assume that the remainder of the booth was of standard proportions; that on the contrary he was put on notice, since the door was not standard,

that the remainder of the component parts of the booth might well depart from standard.

Defendant has given us no authority in support of this proposition as a matter of law. It is not contended that there is any structural connection between a low door and a wide header; the one does not necessarily or reasonably lead to the other and thus warn of the other. That a person observing one defect should be alert to other unrelated defects might well be argued to a jury. We cannot, however, agree with defendant that this proposed rule of reasonable conduct can be held to be an established standard as a matter of law and that failure to meet such standard should, as a matter of law, constitute contributory negligence. In our view the question remains one of fact as to what a reasonable man should have anticipated on noting that the door was not of standard height. Upon this question, having in mind 50 to 60 bumped heads, we are convinced that reasonable men might well differ.

Upon the plaintiff's evidence, then, factual issues remained to be resolved which, on motion for involuntary dismissal under N.R.C.P., must be considered resolved in favor of plaintiff. The court, then, was in error in entering its order.

Reversed with costs to appellant and direction that the order of dismissal be set aside and for further proceedings.

BADT and EATHER, JJ., concur.