JOHN KILB, APPELLANT, *v.* HOWARD HUGHES POR-
TER, EXECUTOR OF THE WILL OF ROBERT EVANS
HUGHES, DECEASED, RESPONDENT.

No. 3885

April 11, 1956.                                      295 P.2d 856.

*Joseph P. Haller* and *John S. Belford,* of Reno, for Appellant.

*Oliver C. Custer,* of Reno, for Respondent.

## OPINION

By the Court, EATHER, J.:

This is an appeal taken by the plaintiff below from order of the trial court dismissing plaintiff's action. The order was entered on defendant's motion under Rule 41(b), N.R.C.P., at the completion of plaintiff's case upon the ground that a sufficient case for the court sitting without a jury had not been proved. Upon this appeal plaintiff contends that a sufficient case had been proved and that the court improperly granted the motion to dismiss; that the matter should have been permitted to proceed to a consideration of the merits.

Plaintiff brought his action against defendant, as executor of the will of Robert Evans Hughes, deceased, after rejection of his claim, for the value of medical services rendered to Hughes, in his lifetime, by plaintiff.

The plaintiff presented testimony of five witnesses in addition to himself to establish that he had treated the

decedent. He himself testified as to the number of occasions on which decedent had visited him, but was not permitted to testify as to the reason for those visits or what occurred during them. The individual witnesses, however, did testify to conversations had with the decedent in which he admitted that plaintiff was treating him and that he was highly appreciative of the treatment rendered. One witness testified to having observed plaintiff in the process of treating decedent on at least a half dozen occasions. Another witness testified to the reasonable value of treatments of this nature.

In our view a sufficient case was made to create issues upon the facts of treatment and its extent and value.

Respondent contends that the record contains evidence from which it may be inferred that decedent, as a lonely old man who liked to visit people and who regarded plaintiff highly as a friend, was visiting plaintiff in a social rather than professional capacity. Respondent also contends that certain of the plaintiff's witnesses indicated bias in favor of the plaintiff and that the court was entitled to disbelieve their testimony. Upon this motion, under N.R.C.P., however, the evidence must be regarded in the light most favorable to the plaintiff, and the court even though acting without a jury may not consider weight or credibility. Gordon v. Cal-Neva Lodge, 71 Nev. 336, 291 P.2d 1054. Issues then, remained for determination upon the merits and the court was in error in granting motion to dismiss.

In taking this view of the issue presented, we find it unnecessary to discuss the applicability of the so-called dead man's rule (secs. 8966–8970, N.C.L.1929) elaborately briefed and argued by the parties.

Reversed with costs to appellant and remanded with direction that the order of dismissal be set aside, and for further proceedings.

MERRILL, C. J., and BADT, J., concur.