THE STATE OF NEVADA Upon the Relation of GEORGE D. QUIMBY and CLARA QUIMBY, Appellants, v. CITY OF RENO, a Municipal Corporation, FRANCIS R. SMITH, Mayor, and WILLIAM A. LIGON, CHARLES E. COWEN, EDWIN S. SEMENZA, THOMAS H. HARVEY, JOHN T. MYLES and MARSHALL GUISTI, Councilmen of Said City, Respondents.

No. 3924

July 16, 1956.                                301 P.2d 1050.

See also 71 Nev. 144, 282 P.2d 1071; 73 Nev. ......, 310 P.2d 850.

R. K. *Wittenberg*, of Reno, and *Harvey Dickerson*, Attorney General, for Appellants.

*Samuel Francovich*, City Attorney of Reno; *Bruce D. Roberts*, Assistant City Attorney, of Reno and *Sidney W. Robinson*, of Reno, for Respondents.

# OPINION

## ON MOTION TO DISMISS APPEAL

*Per Curiam:*

This is a motion to dismiss the present proceedings upon the ground that the issues have become moot. The action is one in quo warranto challenging the propriety of municipal action annexing certain territory to the city of Reno. The matter is before this court on appeal from judgment of the trial court holding the annexation to be proper.

The city's action was taken April 12, 1954. On February 24, 1956 the state legislature, by statute immediately effective, accomplished the identical annexation. By virtue of the legislative action respondent contends that the validity of the city's action is now without legal significance and that the appeal should be dismissed.

The public concern in the annexation is twofold. Of major importance is the question whether the territory involved has properly been annexed and is now a part of the city of Reno. Of this there can be no question. The legislature acted with authority. Upon this motion no contention is made that the legislative action, for any reason, was improper or invalid. The public concern upon this question may, therefore, be set to rest. The territory involved is now and has since February 24, 1956 been lawfully annexed to the city of Reno.

There remains, however, of minor public importance,

the question whether the territory involved was a part of the city of Reno from April 12, 1954, the date of the city's action, to February 24, 1956, the effective date of the legislative action. Certain rights against the city are asserted to exist, the existence of which is dependent upon such a determination.

It is asserted (and supported by documentary proof in the form of canceled checks) that city taxes and license fees payable during the period in question were demanded by the city of residents of the area and were paid by certain of those residents under protest. Unless for some reason such protests were or have become ineffective, it may not be said that the validity of the city's annexation proceedings is wholly without legal significance. The issues involved upon this appeal continue to bear upon rights asserted to exist against the city and to that limited extent such questions have not been rendered moot by legislative act.

As to rights dependent upon the validity of the legislative action the present appeal is no longer effective. As to rights remaining, dependent upon the validity of the city's action of annexation, the appeal remains effective. The motion to dismiss, accordingly, is denied.

MERRILL, C. J.,
EATHER, J.

(BADT, J., participated in the deliberations and concurs in the result, but was absent at the time of filing of the opinion.)