THE STATE OF NEVADA, Upon The Relation of
GEORGE D. QUIMBY and CLARA QUIMBY,
Appellants, *v.* CITY OF RENO, a Municipal
Corporation, Francis R. Smith, Mayor and
William A. Ligon, Charles E. Cowen, Edwin S.
Semenza, Thomas H. Harvey, John T. Myles and
Marshall Guisti, Councilmen of Said City,
Respondents.

No. 3924

May 10, 1957                    310 P.2d 850

See also 71 Nev. 144, 282 P.2d 1071, 72 Nev. 228, 301
P.2d 1050.

*R. K. Wittenberg,* of Reno, and *Harvey Dickerson,*
Attorney General, for Appellants.

*Samuel D. Francovich, Bruce D. Roberts,* and *Sidney
W. Robinson,* all of Reno, for Respondents.

## OPINION

By the Court, MERRILL, J.:

This is a proceeding in the nature of quo warranto challenging the action of the city of Reno, taken April 12, 1954, in annexing a certain area to the city. Relators, as property owners within the area affected, contend that the annexation was not supported by the petition of "a majority of the property owners of the district proposed to be annexed" as is required by the city charter. 1947 Stats.Nev. 392, sec. 10.505, Art. XII. Since the city's action the district has been lawfully annexed by legislative act. The present proceedings relate only to such rights as may have arisen between the date of the city's action and the date of the legislative annexation. St. ex rel. Quimby v. City of Reno, 72 Nev. 228, 301 P.2d 1050.

The trial court entered judgment for the city upon its motion for involuntary dismissal at the close of relators'

case. This action is assigned as error. In determining this question relators' evidence and all inferences that can be drawn from it, must be deemed admitted and the evidence must be interpreted in the light most favorable to relators. Kilb v. Porter, 72 Nev. 118, 295 P.2d 856; Gordon v. Cal-Neva Lodge, 71 Nev. 336, 291 P.2d 1054; Corn v. French, 71 Nev. 280, 289 P.2d 173.

The petitions for annexation introduced in evidence showed a total of 315 property owners petitioning for annexation. From the 1954 tax roll for the county it appeared that 470 persons listed as real estate taxpayers in the area involved had not signed petitions for annexation. In addition, the record shows that 48 persons who had originally signed petitions for annexation as property owners and whose names did not appear on the tax roll had retracted their action. A total of 518 property owners not signing the annexation petitions is thus shown. The theory of the relators, quite simply, is that since they had proven that more property owners had failed to sign than had signed, they had established that a majority had not signed. This conclusion would appear inescapable.

The city makes two contentions: First, that proof of taxpayers does not meet requirement of proof of property owners. There may be some technical distinction in definition of the two terms, but it cannot be material here. Certainly it must be said that an inference favorable to the relators arises from the tax roll to the effect that those named as real estate taxpayers owned an interest in real property in the area involved.

The city next contends that the ownership of a husband and wife must be regarded as a single ownership. By the city's computation this would leave the petitioners in the majority. Relators contend, in opposition, that both husband and wife should have the right to expression upon the issue of annexation, provided only that each qualifies as property owner. Surprisingly, no party has been able to cite us authority on this question.

The city has presented authority to the effect that where the ownership of husband and wife is in the form of community property the husband has the right to speak for both under his power of management. This proposition is not controlling here, however. There is no proof of community ownership in any case. It was stipulated in the court below that where ownership is shown to be in husband and wife it is owned either in joint tenancy or co-tenancy. The undivided property interests of husband and wife may be separate as well as community and the court is required at this stage of the proceedings to give to the evidence the interpretation most favorable to the relators. In this case this would defeat any contention of community ownership.

Where undivided interests in property are owned by two or more persons, each can certainly qualify independently as a property owner. We see no reason for excepting married owners from such rule.

We conclude that with evidence produced and the inferences that can be drawn from it in favor of the relators, they have made out a case which requires an answer by the city. The trial court, then, was in error in ordering dismissal.

Reversed and remanded for further proceedings.

BADT, C. J., and EATHER, J., concur.