MARY GUNLOCK AND A. E. GUNLOCK, APPELLANTS, *v.* THE NEW FRONTIER HOTEL CORP., A NEVADA CORPORATION, BANKRUPT, AND LEONARD R. FAYLE, AS TRUSTEE OF THE SAID NEW FRONTIER HOTEL CORP., A BANKRUPT, RESPONDENTS.

No. 4456

April 5, 1962

370 P.2d 682

*Hawkins & Cannon,* of Las Vegas, for Appellants.

*Clarence Sundean,* of Las Vegas, for Respondents.

# OPINION

By the Court, MCNAMEE, J.:

This is an action for personal injury resulting from a fall in a hotel lobby.

While the appellants were paying guests at the New Frontier Hotel, they entered the front door of the dimly lit lobby of the hotel about 10:00 p. m. and walked through the lobby some 30 feet to where an artist was seated painting a picture. Nearby and in front of a large plate-glass window was a planter about two feet wide, extending 30 feet from the front door to where the artist was painting. The planter was in a box, the border of which arose three or four inches above the level of the floor, and was concealed by the artificial foliage which was a foot and a half or two feet high. While she was standing and watching the artist, Mrs. Gunlock started to turn around. A heel of her high-heel shoes caught on the planter box, she fell backward into the planter, and was injured by hitting her head on the plate-glass window. The window did not break.

The case was tried by the court without a jury. After the presentation of appellants' evidence, the court granted respondents' motion for an involuntary dismissal made pursuant to Rule 41(b) NRCP. Appeal is from said judgment.

Appellants concede that Mrs. Gunlock fell because she failed to see the planter, and it is apparent that the reason she did not see the planter was because she was moving backwards in the act of turning around.

The only matters for consideration are whether any evidence was presented to show negligence on the part of respondents and, if so, whether Mrs. Gunlock was guilty of contributory negligence as a matter of law.

A motion for an involuntary dismissal admits the truth of a plaintiff's evidence and all inferences that

reasonably can be drawn therefrom, and the evidence must be interpreted in the light most favorable to the plaintiff. Gordon v. Cal-Neva Lodge, Inc., 71 Nev. 336, 291 P.2d 1054; Corn v. French, 71 Nev. 280, 289 P.2d 173.

Appellants maintain that negligence could be inferred from (1) the dimly lit lobby, and (2) the maintenance of the planter box in a section of the lobby where guests are apt to be. We conclude that on both of these issues the evidence was as a matter of law insufficient to constitute negligence.

It appears from the evidence that the planter ran the length of one side of the lobby for at least 30 feet. There was no evidence that the planter was hidden or concealed. On the other hand, Mr. Gunlock testified that as he entered the room he saw the planter and was able to see for a distance of 30 feet to where the artist was painting. Mrs. Gunlock testified in this regard merely that she had not seen it—not that she wouldn't have seen it if she had looked. Nor was there any evidence tending to establish that the planter was improperly constructed or located.

Plants in a planter, even if artificial, give warning that some sort of supporting material is likely to be present and if the planter is located along the edge of a floor, the danger of stepping into it is obvious. The fact that the supporting material could not be seen because of the foliage did not constitute it a concealed peril necessitating notice thereof. That the planter was separated from the floor by a three- or four-inch guardrail, likewise concealed by the foliage, more aptly would raise an inference of precaution rather than would the omission of such a separator.

With regard to the lighting in the lobby there is no evidence from which an inference could be drawn that the dimly lit lobby proximately contributed to her fall. Her back was toward the planter. She tripped over it while in the act of turning around. The dimness of the

lights could not be the cause of a person's falling into or over an object which was obvious or should have been observed under the existing conditions by a person in the exercise of reasonable care. See Blodgett v. B. H. Dyas Co., 4 Cal.2d 511, 50 P.2d 801.

The owner or occupant of property is not an insurer of the safety of an invitee thereon, and in the absence of negligence, there is no liability. Decker v. S. H. Kress Company, 168 Cal.App. 2d 365, 335 P.2d 952, 337 P.2d 163. "He is not liable for injury to an invitee resulting from a danger which was obvious or should have been observed in the exercise of reasonable care." Brown v. San Francisco Ball Club, 99 Cal.App. 2d 484, 486, 222 P.2d 19, 20. The mere fact that there was an accident or other event and someone was injured is not of itself sufficient to predicate liability. Negligence is never presumed but must be established by substantial evidence. Snyder v. McDowell, 166 Kan. 624, 203 P.2d 225; Poundstone v. Niles Creamery, 293 Mich. 455, 292 N.W. 367. There was a total failure in the court below to present evidence of negligence and proximate cause on the part of the respondents or evidence which could form a reasonable basis for the inference of either. Rickard v. City of Reno, 71 Nev. 266, 288 P.2d 209. The granting of the motion for involuntary dismissal was therefore proper.[1] Barry v. Elkin, 332 Mich. 427, 52 N.W.2d 171.

The propriety of admitting in evidence respondents' exhibit 1 which contained, above Mrs. Gunlock's signature, a statement that she was about to sit on a table when she fell in the planter requires no consideration. This exhibit was relevant to the question of Mrs. Gunlock's contributory negligence. In the absence of negligence on the part of respondents, a determination of

[1] Mr. Gunlock's claim for relief was for his wife's medical expenses and loss of consortium. Such claim was dependent upon the success of his wife's claim. Her claim not having been established, his must fail as well.

whether Mrs. Gunlock is chargeable with contributory negligence is unnecessary.

Affirmed.

BADT, C. J., and THOMPSON, J. concur.