ALMA SCHMIDT, APPELLANT, *v.* ARTHUR LOGAN MERRIWEATHER AND RUTH MERRI-WEATHER, HUSBAND AND WIFE, RESPONDENTS.

No. 5076

October 13, 1966      418 P.2d 991

*Diehl & Recanzone,* of Fallon, for Appellant.

*Flangas & Stone,* of Yerington, for Respondents.

# OPINION

By the Court, COLLINS, J.:

This is an appeal by plaintiff below from an order of involuntary dismissal of the action by the trial judge. The action was tried to the court alone and upon completion of plaintiff's case, the action was ordered dismissed under NRCP 41(b)[1] upon the ground that

---

[1] "(b) Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him. After the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer

plaintiff had failed to prove a sufficient case for the court.

Upon this issue plaintiff's evidence and all reasonable inferences that reasonably can be drawn from it must be deemed admitted and the evidence must be interpreted in light most favorable to plaintiff. Corn v. French, 71 Nev. 280, 289 P.2d 173 (1955); Gordon v. Cal-Neva Lodge, Inc., 71 Nev. 336, 291 P.2d 1054 (1955); Quimby v. City of Reno, 73 Nev. 136, 310 P.2d 850 (1957); Tryba v. Fray, 75 Nev. 288, 339 P.2d 753 (1959); Gunlock v. The New Frontier Hotel Corp., 78 Nev. 182, 370 P.2d 682 (1962). The court, even though acting without a jury, may not consider the weight of evidence or credibility of witnesses. Kilb v. Porter, 72 Nev. 118, 295 P.2d 856 (1956). We conclude the order of dismissal was in error and remand for further proceedings.

Plaintiff's evidence disclosed that her mother and father deeded jointly to her and her husband and her brother and his wife, respondents and defendants below, land in California, indicating they were to share alike in the property. The mother died in July 1964. In October of that year the father bought a housetrailer and asked the plaintiff and her spouse and respondents to convey title to the California land to a purchaser designated by him, which they did. Proceeds from the sale of the property paid for the trailer and left the father with a balance of about $4,000. He then moved to Fernley, Nevada, where respondents lived. In November 1964 a joint bank account of $4,000 was opened in the First National Bank of Nevada in the joint names of the father and both respondents. In January 1965 the father became ill and entered the hospital in Reno. On January

evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has failed to prove a sufficient case for the court or jury. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, or for lack of an indispensible party, operates as an adjudication upon the merits."

20, 1965 respondent Arthur Logan Merriweather caused title to the trailer to be transferred from his father's name to his name. On April 9, 1965 respondent Merriweather withdrew all the money from the joint bank account and deposited it in his and his wife's name. On April 22, 1965 the father died while still in the hospital. He was 89 years of age.

Plaintiff's evidence further disclosed the father and mother told her and her brother they were to share alike in their property. After the father bought the trailer, plaintiff's testimony indicated that he had told her, "The trailer will be put in your name and Mr. Merriweather's name; here's the key, and I have a key." With regard to the money, plaintiff testified the father wanted to put it in her name but she told him, "No, put it in my brother's name; he is the son."

After the death of the father, plaintiff talked to her brother who told her the trailer had been given to Bill, his son, and the money had been given to him because he had a 10-year-old child to raise. In the same conversation plaintiff testified, "Why Art [her brother] what in the world is the matter with you? Mama and Dad would turn over in their grave if they knew you were trying to pull a stunt like this." He replied that he didn't care and that he had no conscience.

Construing this evidence, as both this court and the trial court must, most favorably to the plaintiff, and drawing therefrom all reasonable inferences, a constructive trust could result in favor of plaintiff. A constructive trust will arise whenever the circumstances under which property was acquired makes it inequitable that it should be retained by him who holds the legal title, as against another, provided some confidential relationship exists between the two and provided the raising of the trust is necessary to prevent a failure of justice. 89 C.J.S. § 139, at 1019. Respondents contend, however, that a constructive trust cannot result in this case where the conveyance is from the parent to adult children because the parent is assumed to be the dominant party and there can be no presumption of fraud or

undue influence from the mere existence of the relationship, citing 39 A.L.R. 314(7). Facts favorable to the plaintiff show, however, that the father was an old man, very ill and suffering from hallucinations when the son acquired title to the property in question. There is also no evidence of consideration given by the respondents to the father for the transfer. The brother's dealings clearly deprived his sister, the only other heir of the father and mother, of any share in their property. We prefer the rule announced in Walters v. Walters, 26 N.M. 22, 188 P. 1105 (1920), which holds:

"It is a rule of almost general acceptation that, where confidential relations between parent and child are shown to have existed and where a conveyance of property is made by the weaker to the dominant party, a presumption arises that the conveyance was obtained through the undue influence of the dominant party, and the burden is on the person claiming, under such a conveyance, to show that the transaction was bona fide. * * *

"And particularly should the presumption be indulged in in this case, where the conveyances were without consideration and where their effect was to deprive the other children of Robert O. Walters of their equal share in their father's estate." See also Waters v. Harper, 69 Nev. 315, 250 P.2d 915 (1952).

A reasonable inference to be drawn from evidence favorable to plaintiff is a confidential relationship between the brother and father and the brother and sister. Barker v. Barker, 75 N.D. 253, 27 N.W.2d 576 (1947), 171 A.L.R. 447; All v. Prillaman, 200 S.C. 279, 20 S.E.2d 741 (1942); Sinco v. Kirkwood, 228 Iowa 1020, 291 N.W. 873 (1940).

Reversed with costs to appellant and direction that the order of dismissal be set aside and for further proceedings.

THOMPSON, J., and ZENOFF, D. J., concur.