W. E. BATES, APPELLANT, v. COTTONWOOD COVE CORPORATION, A NEVADA CORPORATION, RESPONDENT.

No. 5443

June 6, 1968                                441 P.2d 622

---

[16]See The Federalist, No. 63 (Madison) and No. 64 (Jay).

*Denton & Monsey,* of Las Vegas, for Appellant.

*Bell & Morris,* of Las Vegas, for Respondent.

## O P I N I O N

By the Court, COLLINS, J.:

This is an appeal from an involuntary dismissal by the lower court of appellant's action at the close of his case pursuant to NRCP 41(b). We conclude that dismissal to be error, reverse the ruling and remand for further proceedings.

Appellant (plaintiff below) and respondent (defendant below) entered into an agreement July 14, 1964 wherein Bates, referred to as "employee," agreed to supervise all major construction at Cottonwood Cove Resort, Lake Mojave, Nevada, for respondent, referred to as "employer."

Bates was to be paid $500 per month while supervising construction, $300 per month when no major project was under

construction, and a percentage of the gross rental revenue from the motel and trailer spaces at the resort.

The agreement could be terminated by occurrence of various conditions not material to the issues before us.

Bates represented in a recital to the agreement that he held a valid Nevada contractors license. That representation was false.

On September 17, 1964 respondent notified Bates of his termination under the contract because of his failure to possess a Nevada contractors license. Bates then sent a letter to respondent stating he would produce a contractors license when necessary. This statement was also false because he had no license.

At the trial Bates testified (1) his occupation was that of construction supervisor; (2) he had been engaged in the construction business for approximately forty-two years and had extensive experience in all phases and types of construction; (3) he had moved to the area of the proposed resort around the end of June, 1964 and worked there with a Mr. Krametbauer who was an engineer (as well as a 25 percent stockholder in and an officer and director of the corporation) until his discharge; (4) his "boss" was Mr. Krametbauer, the engineer, who "had complete charge of construction and mechanical work;" (5) Bates's duties consisted of organizing the project, hiring and firing workmen, purchasing materials, and over-all supervision of the job; (6) he (Bates) never used his own money to pay workmen, materialmen, or any other expenses and never attempted to get contractors discounts when he purchased the company's materials; (7) the bills and wages were always paid by the defendant Cottonwood Cove Corporation; (8) certain workmen were hired and fired at the request of the president of the corporation; (9) he never offered to do the job for a lump sum; (10) Mr. Krametbauer nor any officers of the corporation ever expressed any dissatisfaction with his services; (11) he did not, at the time the contract was signed, nor has he ever possessed a Nevada contractors license; (12) Mr. Krametbauer was aware that he did not have such a license some months before the contract was signed; (13) when signing the contract, he noticed the recital but decided not to say anything because he felt it might embarrass Mr. Krametbauer and that it was immaterial because it was his extensive experience and knowledge the company was hiring; (14) the letter he wrote to the corporation after his dismissal was done in desperation so that the corporation would give him additional consideration.

The trial court in granting involuntary dismissal of Bate's action at the close of his evidence pursuant to NRCP 41(b) ruled that plaintiff has not shown that defendant's termination or discharge was wrongful; that plaintiff represented he held a valid contractors license at the time of entering into the contract; that the court would not impute to the corporation knowledge by one of its officers that plaintiff was not a licensed contractor; that plaintiff continued to represent after his termination he had a contractors license; and that plaintiff has not borne the burden of proving his cause. Appellant contends that, in view of the evidence presented, such a dismissal was error.

In ruling upon a motion for involuntary dismissal under NRCP 41(b) upon completion of presentation of plaintiff's evidence on the ground that upon the facts and the law the plaintiff has failed to prove a sufficient case for the court, plaintiff's evidence must be accepted as true, both the trial court and this court must draw all permissible inferences in his favor, and not pass upon the credibility of the witnesses nor weigh the evidence. Corn v. French, 71 Nev. 280, 289 P.2d 173 (1955); Gordon v. Cal-Neva Lodge, Inc., 71 Nev. 336, 291 P.2d 1054 (1955); Quimby v. City of Reno, 73 Nev. 136, 310 P.2d 850 (1957); Tryba v. Fray, 75 Nev. 288, 339 P.2d 753 (1959); Gunlock v. New Frontier Hotel Corp., 78 Nev. 182, 370 P.2d 682 (1962); Schmidt v. Merriweather, 82 Nev. 372, 418 P.2d 991 (1966); Kline v. Robinson, 83 Nev. 244, 428 P.2d 190 (1967).

Accepting as we must plaintiff's evidence consisting of his testimony and certain exhibits, as true, and drawing all favorable inferences from that evidence without passing upon his credibility or weight of his evidence we think the posture of the case, at the close of Bate's evidence was this:

(1) That he was an employee rather than an independent contractor. NRS 52.060(2); Briggs v. Zamalloa, 83 Nev. 400, 432 P.2d 672 (1967).

(2) That his false recital and representation of a Nevada contractors license was not a material breach of the contract. Homelite v. Trywilk Realty Co., 272 F.2d 688 (4th Cir. 1959).

(3) That Mr. Krametbauer, an officer and principal stockholder of respondent, had knowledge that Bates had no contractors license. This knowledge would be imputable to the

corporation. Chartrand v. Barney's Club, Inc., 380 F.2d 97 (9th Cir. 1967). There the court imputed knowledge of a pre-incorporation promoter who was presently an officer and director of the corporation. Other cases have imputed knowledge of a director or officer when the knowledge was obtained in furtherance of corporate goals and within the scope of his duties. Knox v. First Security Bank of Utah, 206 F.2d 823 (10th Cir. 1953); Meyer v. Glenmoor Homes, Inc., 54 Cal. Rptr. 786 (1967).

What effect respondent's evidence might have on these points remains for the trial court's future determination.

Accordingly the dismissal is set aside and the cause remanded for a full trial.

THOMPSON, C. J., ZENOFF, BATJER, and MOWBRAY, JJ., concur.