HAROLD AND NOLA RUSHTON, APPELLANTS, *v.* WENDELL TOBLER, INDIVIDUALLY, AND D & W EQUIPMENT LEASING CORPORATION, A NEVADA CORPORATION, RESPONDENTS.

No. 5730

August 4, 1969                    457 P.2d 584

*Edward G. Marshall,* of Las Vegas, for Appellants.

*Bell & Morris,* and *Daryl Engebregson,* of Las Vegas, for Respondents.

## OPINION

*Per Curiam:*

This is a contract action in which the plaintiffs request specific performance of a contract to purchase a bakery business, damages, and other relief. The cause was tried to a jury. After the plaintiffs had completed the presentation of their evidence, the district court granted the defendants' Rule 41(b) motion to dismiss believing that a sufficient case had not been made for jury resolution. This appeal is from that ruling. The posture of this case is such that the plaintiffs' evidence must be accepted as true and all permissible inferences therefrom accorded them. Bates v. Cottonwood Cove Corp., 84 Nev. 388, 441 P.2d 622 (1968). When this is done it is apparent that the district court erred in dismissing the case.

The plaintiffs' evidence may be read to show that the plaintiffs and defendants entered into an oral agreement for the sale and purchase of plaintiffs' bakery business for the sum of $5,000 plus the cost of the inventory on hand; that the possession of the business was actually transferred to the defendants and operated by them pursuant to that oral understanding; that the employees of the plaintiffs were hired by the defendants and paid by them for a short period of time (Micheletti v. Fugitt,

61 Nev. 478, 134 P.2d 99 (1943)); that an escrow to memorialize the transaction was opened at the direction of the buyers, signed by the sellers, and rejected by the buyers who, for some reason, decided to close the business which they had been operating and walk away from their agreement without payment therefor. Such evidence is more than ample to defeat a motion for involuntary dismissal under Rule 41(b).

Reversed.