Marjorie Edythe WIEDERANDERS,
Plaintiff and Respondent,

v.

Rex E. WIEDERANDERS, Defendant
and Appellant.

Civ. No. 8703.

Supreme Court of North Dakota.

May, 14, 1971.

Lanier & Knox, Fargo, for plaintiff and respondent.

McIntee & Whisenand, Williston, for defendant and appellant.

STRUTZ, Chief Justice.

An action for divorce was brought by the respondent wife in February 1966. The appellant husband filed an answer, admitting that he had been guilty of acts of extreme cruelty and praying that the court grant a divorce to the plaintiff. He further asked that the court award the custody of the minor son to him or, if the minor children were to be awarded to the plaintiff-respondent, that the court grant reasonable rights of visitation to him, the defendant-appellant.

The case was tried to the Honorable Eugene A. Burdick, judge of the District Court of Williams County, and judgment was entered on June 29, 1966.

The decree as entered provided, among other things, that the custody, care, and control of the two minor children of the

parties be awarded to the respondent, subject to reasonable visitation rights to the appellant, and that the appellant pay the sum of $150 per month for the support of each child until age eighteen; that the respondent was to be paid alimony in the sum of $300 per month until such children reached the age of eighteen years, at which time the amount of alimony payment was to be increased to $400 per month for the balance of the respondent's natural life or until she should remarry. The judgment further required the appellant to keep in force a Blue Cross—Blue Shield health and accident policy for the two minor children until completion of their college education, and that he was to maintain such health and accident policy for the benefit of the respondent until her death or remarriage.

In addition, the judgment ordered the appellant to keep in force an insurance policy on his life with the Mutual Benefit Life Insurance Company in the sum of $50,000, with the respondent as irrevocable beneficiary; and that the appellant had the right to use the dividends on said policy to maintain a further policy of $30,000 on his life, with the two children named as beneficiaries, which policy was to be kept in force until the children reached the age of eighteen years. There were other provisions in the judgment which are not pertinent to this appeal and need not be mentioned.

Approximately three years after the entry of judgment, respondent brought proceedings to modify the decree. In such proceedings, she requested an increase in the child-support payments from $150 to $300 per month for each child. The motion to modify was made on the ground that the circumstances and conditions of the parties had materially changed.

At the hearing on such motion, it was disclosed that the respondent had remarried prior to her motion to modify; that the two children of the parties, at such time, were living with the respondent and her new husband. In arriving at the costs of maintenance of the two children, the respondent had allocated one-half of the expenses of maintaining the household, consisting of herself, her husband, and the two children, as expenses for maintaining the children. However, the appellant asserts, and the respondent admits, that the daughter of her new husband was living with the family for two or three days each week; however, respondent considers the cost of her maintenance to be insignificant.

The record discloses that the appellant's income had increased approximately sixteen per cent over what it had been when the decree was entered in 1966.

During the hearing on the motion to modify the decree, the respondent requested that the appellant furnish proof of the existence of the two life policies provided for under the terms of the original judgment. The appellant countered by demanding that, in view of the respondent's remarriage, the judgment be modified to eliminate the requirement that he maintain a $50,000 policy of his life, naming the respondent as irrevocable beneficiary.

On the above record, the trial court ordered the modification of the original judgment as follows:

—Beginning with July 1970, the appellant was to pay to the respondent the sum of $195 per month for the support of the minor son of the parties and the sum of $235 per month for the support of the minor daughter, a total of $430 for the support of the children of the parties instead of $300 as provided in the original decree.

—The appellant was further ordered to pay $20 per month for medical and hospital insurance for the children and to pay $500 to the respondent for attorney fees and costs for the prosecution of the motion to modify the judgment.

—The appellant was ordered to continue in force the $50,000 insurance policy on his life, naming the respondent as beneficiary.

From the amended judgment entered, the appellant takes this appeal, raising three issues:

1. Is the evidence sufficient to support the modification of the judgment increasing payments for child support from a total of $300 to $430 per month, plus the $20 for medical and hospital insurance for the children?

2. After remarriage of the respondent, should the appellant, as her former husband, be required to maintain a $50,000 life insurance policy on his life, with the respondent named as beneficiary?

3. Is the evidence sufficient to support an order requiring the appellant to pay an additional sum of $500 for the attorney fees and expenses of the motion to modify the judgment?

Let us first consider the issue of whether the evidence produced at the hearing on the motion to modify the judgment was sufficient to justify the modification of the judgment ordered by the trial court relative to support payments for the minor children.

■ The provisions of a divorce decree relating to maintenance of minor children remain subject to modification by the court from time to time. Sec. 14–05–24, N.D. C.C.; Barker v. Barker, 75 N.D. 253, 27 N.W.2d 576, 171 A.L.R. 447 (1947); Bryant v. Bryant, 102 N.W.2d 800 (N.D.1960).

■ Whether the provisions for child support as ordered in a divorce decree should thereafter be modified rests largely within the sound discretion of the trial court, on a proper showing of changed conditions and circumstances of the parties since the entry of the previous order or decree. But the trial court's determination of such matters will not be disturbed on appeal except in case of a clear abuse of

discretion. Cosgriff v. Cosgriff, 126 N.W. 2d 131 (N.D.1964).

■ In view of the increase in the cost of living since the entry of the decree in this case, and in view of the fact that the minor children now are living in the State of California with their mother instead of in the State of North Dakota, and were seventeen and fourteen years old at the time of the motion to modify, and in view of the further fact that the appellant's income has increased approximately sixteen per cent since the entry of judgment, we find that the trial court did not abuse its discretion in increasing the support payments for the daughter from $150 to $235 per month and increasing the support payments for the son from $150 to $195 per month. No clear abuse of discretion on the part of the trial court is shown, and its determination in the matter will not be disturbed by this court on appeal.

The next issue raised on this appeal is whether the order requiring the appellant to maintain a $50,000 life insurance policy on his life for the benefit of the respondent, his former wife, should be continued after the remarriage of the respondent.

■ The obvious purpose of such order was to guarantee that the alimony which the appellant was to pay to the respondent would be paid, even in case of his death. The award of the trial court of alimony was a continuance of the appellant's obligation to support the respondent. But there is no reason why this obligation should continue after another husband has assumed it, in the absence of some extraordinary circumstances justifying such continuance. Nugent v. Nugent, 152 N.W. 2d 323 (N.D.1967).

■ There is nothing in the record before us which would justify the continuance of alimony payments by the appellant to the respondent after her remarriage. The original divorce decree specifically provided that alimony payments to the

respondent were to terminate upon her remarriage, and there is no reason why the insurance policy on the life of the appellant should be continued for the respondent's benefit.

■ The final issue raised on this appeal is whether the evidence is sufficient to support the order requiring the appellant to pay an additional sum of $500 attorney fees and costs of motion to modify the judgment.

The issue, we believe, is moot and cannot be raised on this appeal. In oral argument before this court, the appellant asserted that the $500 which he was required to pay had been paid and the respondent admitted that she had received it. This court will not give advisory opinions, and the existence of an actual controversy is an essential requisite to appellate jurisdiction. G. W. Jones Lumber Co. v. City of Marmarth, 67 N.D. 309, 272 N.W. 190 (1937); Goetz v. Gunsch, 85 N.W.2d 881 (N.D.1957).

A moot question will not be determined unless it involves a matter of such great public interest and the real merits of controversy are so unsettled that public policy demands that the question be determined and settled. State ex rel. Anderson v. Sieg, 63 N.D. 724, 249 N.W. 714 (1933).

For reasons stated in this opinion, the amended judgment of the trial court is modified to terminate the requirement that a $50,000 life insurance policy be maintained in force by the appellant, with the respondent named as beneficiary. In all other respects, the amended judgment is affirmed and the case is remanded with instruction to the district court to amend the judgment in conformity herewith.

ERICKSTAD, TEIGEN, KNUDSON and PAULSON, JJ., concur.