WILLIAM J. MARTIN, Appellant, v. BERTRAM W. ROSS, Respondent.

No. 12087

December 29, 1980 · 620 P.2d 866

Gunderson, J., dissented.

*Terry Friedman,* of Reno, for Appellant.

*Vargas, Bartlett & Dixon* and *Frederick R. Starich,* of Reno, and *Kenneth J. Jordan,* of Carson City, for Respondent.

## OPINION

By the Court, Thompson, J.:

A single engine Bellanca aircraft, owned by Martin, was damaged when it crashed while being piloted by Ross who had

borrowed the plane. Alleging ordinary negligence, Martin commenced this action against Ross to recover damages for the loss thus sustained.

The cause was presented to the court without a jury. At the close of the plaintiff's case the court granted the defendant's NRCP 41(b) motion to dismiss believing that the plaintiff had failed to prove a case. Among the witnesses who had testified during the presentation of the plaintiff's case in chief were the defendant Ross, who was the pilot, and his wife, a passenger. They were the only witnesses to the accident.

Before entering judgment dismissing the action, the court made a finding of fact that the plaintiff had failed to produce any evidence that the defendant proximately caused damage to the aircraft. Although findings are not required on a motion, they are not precluded. NRCP 52(a). From the judgment entered this appeal has been perfected. For reasons hereafter expressed, we affirm.

1. The aircraft had four gas tanks, two in each wing. The main inboard tanks had a capacity of nineteen gallons each. The capacity of the outboard tanks was seventeen gallons each. An inspection following the accident disclosed that three of the. four tanks were empty. The fourth, the right main tank, had about fifteen gallons in it. According to Ross and his wife, when the engine stopped, all proper steps were taken to switch to the gas tank with fuel, but for some unknown reason the engine did not restart, and the aircraft crashed.

2. It is established that when a motion to dismiss is tendered at the close of the plaintiff's case in chief, the court is obliged to draw all permissible inferences for the plaintiff and is not to weigh the evidence at that juncture. Fennell v. Miller, 94 Nev. 528, 583 P.2d 455 (1978); Havas v. Carter, 85 Nev. 132, 451 P.2d 711 (1969); Schmidt v. Merriweather, 82 Nev. 372, 418 P.2d 991 (1966); Gunlock v. New Frontier Hotel, 78 Nev. 182, 370 P.2d 682 (1962); Quimby v. City of Reno, 73 Nev. 136, 310 P.2d 850 (1957); Gordon v. Cal-Neva Lodge, Inc., 71 Nev. 336, 291 P.2d 1054 (1955); Corn v. French, 71 Nev. 280, 289 P.2d 173 (1955). This general rule applies whether the trier of fact is a court or a jury. Gordon v. Cal-Neva Lodge, Inc., supra.

However, in none of the cited cases announcing the standard this court must apply in reviewing a Rule 41(b) dismissal, does it appear that the defendant had given his testimony, and all witnesses to the occurrence had testified before the plaintiff

closed his case in chief. Moreover, in none of them did the trial court make findings of fact, which under the provision of Rule 52(a) shall not be set aside unless clearly erroneous.

If the usual 41(b) standard of review is to govern this case we would reverse since it would be permissible for the trial court to infer that the pilot Ross did not attempt to switch to the right main fuel tank, for had he done so the engine would have restarted and the crash would have been avoided. To apply that standard in the circumstances here present would be nonsense. There had been a complete trial before the plaintiff rested his case. The defendant had testified. So had his wife, the other witness to the crash. Apparently, there was no more relevant evidence to be presented. A finding of fact was made that the defendant Ross did not proximately cause the crash. Substantial evidence supports that finding. To do other than to affirm the trial court would be judicially wasteful and exalt form over substance. Cf. Utley v. Airoso, 86 Nev. 116, 464 P.2d 778 (1970).

Affirmed.

MOWBRAY, C. J., and MANOUKIAN and BATJER, JJ., concur.

GUNDERSON, J., dissenting:

I respectfully dissent.

At the close of plaintiff's evidence, the trial court purportedly "found" that the plaintiff *had failed to produce any evidence* that defendant's negligence constituted the proximate cause of damage to plaintiff's aircraft. In this determination, the trial court clearly erred, even if one looks upon the court's declaration as a true "finding," rather than as an omission to accord plaintiff's evidence the benefit of all favorable inferences.

The record indicates the trial court realized that the plaintiff had proved negligence; however, the court apparently failed to perceive that plaintiff has also shown "proximate cause," i.e. a reasonably close causal connection between the negligence and the resulting injury. *See* W. Prosser, *Law of Torts* 143 (4th ed. 1971).

There is ample evidence of defendant's negligence in failing to "pre-flight" the aircraft and fill its tanks before taking off from Winnemucca, failing to watch the gas gauges during flight, and allowing the engine to stop in flight for lack of fuel.

It appears from the record that, when the engine stalled, the defendant realized it had run out of gas. Thereupon, he testified, he sought to start the engine again. However, it appears

without contradiction that, at the time of the plane's impact with the ground, defendant had the aircraft's fuel selector switch turned to the left-main tank, which was empty. According to testimony from the FAA investigator, one Fields, three of the aircraft's tanks (including the left-main) were empty. The right-main contained fifteen gallons of fuel, but it was turned off. Moreover, uncontroverted evidence showed that the aircraft was in excellent condition. Indeed, it had been thoroughly inspected only 9.8 hours before the crash.

Based on this record, even if the declaration be accorded the dignity of a "finding," the trial court clearly erred in determining that the plaintiff had adduced no evidence of proximate cause. Moreover, it also appears the court erred in precluding expert opinion evidence as to cause of the crash, by foreclosing the testimony of a commercial pilot and flight instructor who had 8,000 hours of experience. This witness, William Drake, would have testified that the plane crashed because the engine was allowed to stall for want of fuel.

The trial court clearly erred, both in its "finding," and in foreclosing pertinent expert testimony.