In re GSM–78A, LTD., a limited partnership, Debtor.

GSM–78A, LTD., a limited partnership, Appellant,

v.

Lewis FIELDING, Elizabeth G. Fielding, Alois Gottfried, Francis Gottfried, Paul Weilder, Erica Weilder, Jeanne Hood, Joseph J. Amoroso, Nina Amoroso, Brown Motel Investments, Inc., and Don Trust and Las Vegas Joint Venture, Appellees.

BAP No. CC–81–1282–VHK.

Bankruptcy No. LA–80–05075–WL.

Adv. No. LA–80–1620–WL.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued July 14, 1982.

Decided Sept. 24, 1982.

Mark C. Scott, Jr., Beckley, Singleton, De Lanoy & Jemison, Las Vegas, Nev., for appellant.

Earle Hagen, Law Offices of Earle Hagen, Encino, Cal., for appellees.

## OPINION

Before VOLINN, HUGHES and KATZ, Bankruptcy Judges.

PER CURIAM:

### I.

### BACKGROUND

On August 29, 1979, the appellees were stayed from foreclosing a deed of trust on motel property of the debtor, GSM–78A, LTD. (hereinafter "GSM") when GSM filed a Chapter XII petition under the Bankruptcy Act. The petition was dismissed after GSM, with the cooperation of the appellees, arranged for a sale of the property to International Leisure and Casino (hereinafter "International"), subject to appellees' deed of trust. Thereafter, GSM and International failed to make payments to the appellees on the promissory note secured by the deed of trust. The appellees again commenced foreclosure proceedings which were again stayed, this time by 11 U.S.C. § 362, on June 3, 1980, when GSM filed its present petition under Chapter 11 of the Bankruptcy Code.

On July 22, 1980, the appellees commenced an adversary proceeding for relief from the stay and for leave to foreclose on their deed of trust. On September 30, 1980, the bankruptcy court permitted the debtor until December 2, 1980, to cure all defaults failing which, the stay would be lifted. The defaults were not cured and appellees again commenced foreclosure proceedings. The bankruptcy court reimposed the stay pursuant to motion by GSM but reconsidered its decision and vacated the stay on July 17, 1981, on the basis that the debtor was unable to pay the motel's utility bills and that the business was in peril of being closed down. The property was purchased by the appellees at a foreclosure sale on July 2, 1981.

On July 13, 1981, GSM moved to have the property placed in a constructive trust, or in the alternative, to set aside the foreclosure sale on the basis that it had a buyer for the property, whereby the estate could benefit from net proceeds of the sale. The motion was denied on July 24, 1981, with written findings of fact and conclusions of law entered on August 17, 1981. A motion for rehearing and reconsideration was heard on September 15, 1981, at which the court refused to consider an offer of proof by GSM that it had a buyer for the property. A written memorandum of decision and order denying the motion for reconsideration and rehearing was entered on October 2, 1981. GSM has appealed the August 17, 1981 and October 2, 1981 determinations. We agree with the bankruptcy court below and, therefore, AFFIRM.

### II.

### DISCUSSION

At the outset, we should note that GSM did not appeal the June 17, 1981, order allowing the foreclosure to proceed to sale nor does it argue in its brief any basis for this Court to set aside the foreclosure sale. As a result, we consider only the issue of whether the bankruptcy court abused its discretion in declining to place the property in a constructive trust. Both parties agree that the bankruptcy courts have the power to impose constructive trusts where appropriate. GSM asserts that there is sufficient equity in the property to pay off the debt of the appellees and leave a substantial amount for the bankrupt estate. Therefore, "[t]he debtor is, in good conscience, entitled to the benefits a constructive trust would provide."

GSM has twice deferred appellees' attempts to foreclose on the property by filing bankruptcy petitions. It does not contend that the December 2, 1981, date cutting off its right to cure the defaulted agreement was inequitable. There is nothing in the record indicating or suggesting that the bankruptcy court abused its discretion in declining to impose a constructive trust even if such a remedy were available to GSM.

A constructive trust may be imposed where property has been obtained through actual fraud, violation of a confidential relationship or breach of trust. *Day v. Greene,* 59 Cal.2d 404, 29 Cal.Rptr. 785, 380 P.2d 385 (1963). GSM relies on the case of *Smith v. Merriweather,* 82 Nev. 372, 418 P.2d 991 (1966), which required that a confidential relationship exists before a constructive trust would be imposed. See also, *Randono v. Turk,* 86 Nev. 123, 466 P.2d 218 (1970). Assuming, *arguendo,* that the facts before us permit consideration of this argument, none of the foregoing criteria are applicable here.

AFFIRMED.