[No. 34901.   Department Two.   June 11, 1959.]

SANDRA L. GILBERTSON, *Respondent,* v. RICHARD E. HUFFMAN
*et al., Appellants.*[1]

[1]Reported in 340 P. (2d) 559.

*Skeel, McKelvy, Henke, Evenson & Uhlmann,* for appellants.

*Terhune, Schlosstein & Riveland* and *Agee & Long,* for respondent.

FINLEY, J.—This is an appeal from an order granting a new trial to the plaintiff after a jury verdict for defendants in an action brought for the wrongful death of plaintiff's minor son.

Plaintiff's residence, facing east, fronts on the west side of the main Auburn-Enumclaw highway. The highway at this point runs in a north-south direction; it is level, with a hard surface, and is about twenty feet in width.

On the day of the fatal accident, the plaintiff's son, four and one-half years of age, had been playing in the living room of the family home. At his mother's suggestion, about two minutes prior to the accident, he had gone outside to play. Just after this, an eyewitness to the accident saw the boy standing on the west edge of the highway shoulder; he started running across the highway and, on the easterly side of the road, was struck by defendants' automobile. The boy died as a result.

Defendant, Richard E. Huffman, prior to the accident, was proceeding in a southerly direction on the highway at the legal speed limit of fifty miles per hour. The sun was shining, the pavement dry, and the time was five o'clock p. m. Approximately one hundred seventy-five feet from the point of impact, defendant Richard E. Huffman noticed that some children were playing on the side of the road and

were, apparently, in the process of crossing the highway. Slowing his speed to forty miles per hour, he directed his attention to the children and did not look directly ahead again until an instant before the impact. He had a fleeting glimpse of the child, Gregory Gilbertson, but he did not have time to apply the brakes.

This case was submitted to a jury on the theory that defendants' primary negligence consisted (a) in failure to keep a proper lookout and (b) excessive speed under the particular circumstances. The jury was instructed that plaintiff's right to recover would be defeated if the jury found the plaintiff-mother to be guilty of contributory negligence in allowing the child to play unattended. The court refused plaintiff's request for a last-clear-chance instruction.

After the jury's verdict for defendants, the trial judge granted a new trial on the ground that the jury should have been instructed on *last clear chance*. Defendants have appealed.

Appellants' contentions are twofold: First, that, under the facts of this accident, no last-clear-chance instruction was warranted; secondly, that, even if the plaintiff should be entitled to such an instruction, the subject matter was fully covered by instruction No. 12.

Appellants urge that, for two reasons, the facts do not justify an instruction on last clear chance. They contend that under these facts it is plain that, even if the appellant-driver had kept a proper lookout, he would not have had a last clear chance to avoid the accident. We do not agree.

While the appellant-driver, his eyes not watching the road directly in front of him, was traveling one hundred seventy-five feet at a speed of forty miles per hour, the decedent was running across approximately thirty-seven feet of unobstructed roadway. We believe that under these facts a jury question was presented as to whether the appellant-driver could have avoided hitting the child if he had been keeping a proper lookout.

Appellants' second contention is that before the doctrine of last clear chance is applicable the person seeking the ben-

efit of the doctrine must have been an *actor* in the event. Here, the jury was instructed that as a matter of law the decedent could not have been guilty of contributory negligence. The appellants conclude that the last-clear-chance doctrine cannot operate to excuse the negligence of the respondent in allowing her child to play unattended.

■ This court has never decided the exact issue presented in this case. However, other jurisdictions appear unanimous in holding that the last-clear-chance doctrine will operate to relieve the negligence of a parent in an action brought by the parent for the wrongful death of his minor child. These cases are collected at 23 A. L. R. 700, wherein it is stated:

"The rule in general precluding parents from recovery where they are guilty of contributory negligence is, of course, subject also to the doctrine of 'last clear chance.' It may be observed that that doctrine is one which is very likely to be invoked in the class of cases under consideration. Among other cases which might be cited by way of illustration of this point are the following: [Citing cases from ten jurisdictions.]"

■ In the present case there is no contention that the appellant driver actually saw the child in time to avoid the accident. Accordingly, it is the second phase of the last-clear-chance doctrine— or the "should have seen" phase— which respondent is attempting to invoke. Under this phase, the respondent's contributory negligence will not bar recovery if the negligence has terminated at the time of the accident. In the instant case the respondent's negligence had so terminated. In *Abate v. Hirdes* (1928), 9 La. App. 688, 121 So. 775, the court made the following statement relative to the nature of the negligence of the parents in allowing a child to play unattended:

"It appears to us that the parents were negligent in allowing the child to wander into the street, but we believe that this negligence, after the child left the presence of the parents, and after they no longer could instantly control its actions, became passive negligence and no longer actively continued. . . ."

Lastly, the appellants argue that even if the last-clear-chance doctrine should be applicable to the facts of the instant case the trial court's instruction No. 12 submitted this doctrine to the jury for consideration. The instruction read:

"If you find from the evidence that the driver, before the collision, saw, or acting as a reasonably prudent person, should have seen, the deceased child of plaintiff approaching and crossing the street or after he should have seen him so approaching, in the exercise of ordinary care should have slowed down, turned aside, or stopped and thereby avoided the collision, and that the child's death was caused by reason of the driver's failure so to do, *then and in that case you should find for the plaintiff.*" (Italics ours.)

█ It is true that this instruction tells the jury *without reference to plaintiff's contributory negligence,* that, if they find the appellant, acting as a reasonable and prudent person, should have seen the child and should have slowed down, turned aside or stopped, and that his failure to do so was the cause of the child's death, then the respondent would be entitled to recover. However, appellants' argument overlooks the fact that the jury was also instructed that a parent, seeking damages for the death of a minor child, may be guilty of contributory negligence. Furthermore, by the trial judge's instruction No. 3, the jury was told that:

"Contributory negligence bars recovery on the part of a person suffering damage, *even though the opposing party is guilty of negligence.*" (Italics ours.)

The two instructions are conflicting. It is not unreasonable to assume that the jury could have concluded that, if the respondent was guilty of contributory negligence, then she should not recover, regardless of the fact that appellant might have had the *last clear chance* to avoid the accident.

█ We are convinced that under the facts of this case the respondent was entitled to have the doctrine of last clear chance submitted to the jury under a proper instruction. Since no such instruction was given, the trial court was cor-

rect in granting a new trial, and the order granting a new trial should be affirmed. It is so ordered.

WEAVER, C. J., MALLERY, and FOSTER, JJ., concur.

HILL, J. (concurring)—I concur in the result. I cannot agree that the plaintiff's negligence had terminated, which is the theory on which the majority applies the second or "should have seen" phase of the doctrine of last clear chance. I am convinced, however, that the plaintiff's negligence had culminated in a position of peril for her child from which, by the exercise of reasonable care, the plaintiff could not have extricated him, and from which he could not, at his age, be expected to extricate himself; that is sufficient to make applicable the "should have seen" phase of the doctrine of last clear chance. *Patterson v. Krogh* (1957), 51 Wn. (2d) 73, 316 P. (2d) 103; *Everest v. Riecken* (1948), 30 Wn. (2d) 683, 193 P. (2d) 353.

