HOWARD JOHNSON, a Minor, by and Through his Guardian Ad Litem, WINONA JOHNSON, and WINONA JOHNSON, Appellants, v. FOREST W. BROWN, Respondent.

No. 4320

February 14, 1961

359 P.2d 80

*Charles E. Catt,* of Las Vegas, for Appellants.

*Robert L. Gifford,* of Las Vegas, for Respondent.

## OPINION

By the Court, McNAMEE, J.:

This is a tort action brought by a minor and his mother for personal injuries and medical expenses in connection with an automobile accident in which the minor, while playing in a street, was struck and injured by a car operated by respondent. A jury was impaneled to try the case. After appellants had completed their evidence, respondent moved pursuant to Rule 41(b), NRCP, for a dismissal. While the motion still was undecided, the respondent, upon direction of the court, produced his evidence. Before resting and before offering his proof in support of his claim against a third party (an insurance company), respondent renewed his motion to dismiss, and the court granted the same.

The parties apparently concede that the respondent should not have been required to present any evidence while the motion to dismiss was still pending. This irregularity, however, is waived by all parties, who in oral argument requested this court to consider all the evidence in the record in determining the correctness of the judgment of dismissal to the same extent as if the order had been for a directed verdict. Consequently on this appeal the testimony of respondent given, not only while he was an adverse witness called by appellants but also after appellants had rested, will on appeal be reviewed for the purpose of determining whether any issue was presented for jury consideration.

Appeal is from the judgment of dismissal.

The only question on appeal is whether sufficient evidence was presented by appellants to require the case to go to the jury for determination.

The respondent was driving along West Charleston Boulevard in the county of Clark (outside the city limits of Las Vegas) at approximately 20 to 25 miles per hour. The maximum safe speed under the conditions prevailing was 25 miles per hour. The police report states that no improper driving was indicated. On respondent's right side, the south side of the boulevard, was a row of buildings with diagonal parking. On his left side was a residential area. There was no pedestrian crosswalk in the vicinity and no cross street. The minor, 5½-year-old Howard Johnson, while playing with other children near the curbing on the left-hand side, ran across the street into the path of respondent's car. It was 7:30 p. m. daylight saving time, during the month of July, and still daylight, approximately ten minutes before the sun set behind the neighboring mountains.

No direct evidence of any negligence on the part of the respondent was produced by appellants. In fact, the only eyewitnesses to the accident were the injured boy, his 8½-year-old brother who was one of the said other children, and the respondent.

Howard Johnson testified that he did not see the car before he started across the street. When he heard his brother calling to him to "watch out, there is cars coming," he turned around to his brother, and saw the car that hit him.

John Johnson, Howard's brother, testified that while he was watching another boy doing a bicycle trick he noticed that Howard had left and "he was about, more than halfway across the street, about a foot across the street and I saw a car coming I said 'Howard watch out.' He started to turn around but he didn't get all the way turned around. * * * he started to turn around and the car hit him."

West Charleston Boulevard was 66 feet wide, exclusive of the parking area on the south side. The officers who testified were unable to tell where the impact took place. The skid marks of the car were 38 feet in length and the impact could have been anywhere within the 38 feet. At the end of the skid the left wheel marks were 20 feet from where the south curbline would have been if there had been no parking area. The impact broke the

glass of the vehicle's left headlight and caused a dent in the front of its left front fender.

The respondent testified that he didn't see Howard Johnson until after he hit him; that because "the sun was glaring off the cars that was parked on the side of the road there, it was rather hard to see"; that the glare of the sun came "from the cars parked in the shopping center and from the cars coming towards me and anything that would glare"; that his car was toward the middle of the road when he struck the boy; that he hit the brakes "at the same time I hit him"; and that there were cars coming from the opposite direction which prevented him from seeing the other side of the street. "* * * there were so many cars backing in and out of the shopping center there, I was trying to look in all directions to make sure there was nothing there. I heard a thud, looked in front of me, the kid was rolling down the street. * * * When I heard the thud I guess simultaneously I hit the brakes, turned to the right—that was it."

Appellants' counsel argues that even though the record is silent as to any direct evidence of negligence on the part of respondent, nevertheless his negligence can be inferred from the testimony and from the physical facts hereinabove recited. The negligence to be inferred is that the respondent was not keeping a proper lookout at the time of the accident because "he continued to proceed normally while being unable to see the street in front of him." There is no basis in the record for this quoted statement of appellants' counsel. In this respect respondent while testifying as an adverse witness was asked by appellants' counsel: "Was there any obstruction so far as visibility was concerned?" Answer: "No obstruction, just the glare of the sun and watching people here and there and cars backing in and out." Question: "You were driving away from the sun?" Answer: "Yes, sir, but the sun was glaring off the cars that was parked on the side of the road there, it was rather hard to see." When respondent was later asked by his own counsel whether the reflection off the other cars affected

his vision in any way, the objection of appellants' counsel to this question was sustained.

To infer negligence on the part of respondent we would have to infer that (1) respondent was proceeding along the boulevard while his forward vision was so obscured by the glare of a reflected sun that he was unable to see the road ahead, and (2) that the injured child could have been seen if respondent was keeping a proper lookout. There was no evidence upon which either of these inferences could be based. Without evidence that respondent, because of the glare, should have been driving slower than he was driving, the court could find that such was the fact only through speculation. An inference of negligence cannot be drawn from the bare fact that an injury has occurred. Lesage v. Largey Lumber Company, 99 Mont. 372, 43 P.2d 896. Proof of negligence cannot be left to mere speculation or conjecture. West v. Wilson, 90 Mont. 522, 4 P.2d 469.

It is interesting to note that appellants' counsel, in objecting to respondent's testimony relating to the glare, stated to the lower court: "I object and move that be stricken on the ground the sun is not an unusual situation; unless there is some special situation causing it to be different that day than any other day, then it is not an unusual situation." There was no evidence of any "special situation" causing the sun to be different that day from any other day.

NRS 484.177 provides: "Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection shall yield the right of way to all vehicles upon the roadway."

NRS 484.178 provides: "Notwithstanding the foregoing provisions, every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway * * * and shall exercise proper precaution upon observing any child or any confused or incapacitated person upon a roadway."

In view of these two statutes it is not required of the driver of a vehicle to anticipate that a pedestrian would be crossing a boulevard in the middle of a block at any point other than within a marked crosswalk, any more than a driver should anticipate that a vehicle approaching from the opposite direction would suddenly cross over into his lane of traffic. A driver cannot be charged with failure to exercise due care toward a person so crossing the boulevard, unless such person is observed in time for the driver to avoid colliding with him. The evidence affirmatively shows that respondent did not see the child at any time prior to the accident, and no evidence was presented to show that respondent had reason to believe that children would be playing in the vicinity of the place where the accident occurred. These circumstances were not present in the cases of Nissen v. Johnson, 135 Mont. 329, 339 P.2d 651, or of Gilbertson v. Huffman, 54 Wash.2d 312, 340 P.2d 559, appearing in appellants' briefs. Other cases cited by appellants likewise can be differentiated on factual grounds. Where, as here, the respondent had no knowledge of any children in or near the boulevard, and had no reason to anticipate the sudden appearance of a child in the path of his automobile, he cannot be charged with negligence in failing to anticipate that a child may run into the road in front of his vehicle. Simpson v. Hillman, 163 Ore. 357, 97 P.2d 527.

In Johnson v. Herring, 89 Mont. 420, 425, 300 P. 535, 536, the court said: "The mere fact that a motor-driven vehicle comes in contact with a pedestrian, to the injury of the latter, raises no presumption of negligence on the part of the driver of the vehicle; in such a case the right to recover damages for the injury inflicted on the pedestrian depends upon proof of the allegation, necessary in the complaint, that the driver of the vehicle was guilty of negligence proximately causing the injury. (Citing Cases.) Nor does the fact that the injured person was a child of tender years and the driver a man, shift the burden of proof as to the proximate cause of the accident  *  *  *."

The Oregon court in Simpson v. Hillman, supra, said:

"Certainly there is no evidence tending to show that Howard was driving the car at an unreasonable speed. Is there any evidence tending to show that he failed to exercise ordinary care in keeping a proper lookout for pedestrians? It is observed that the accident did not occur in a pedestrian lane but in the middle of the block where the automobile had the right of way. * * * Of course the above statutory rule in reference to right of way did not relieve the driver of the duty to exercise reasonable care to avoid injuring any pedestrian who saw fit to cross the street at some place other than a pedestrian lane. We advert to the statutory rule, however, to show that the defendant Howard, in the absence of notice to the contrary, could not reasonably be expected to anticipate that an unaccompanied child of tender age would, at such place, cross the street in front of a parked car and in the path of an oncoming vehicle."

No fact question of negligence on the part of respondent was presented which would require its submission to the jury. It appears as a matter of law that recovery cannot be had on any reasonable view of the established facts.

We conclude that the judgment of dismissal was proper and must be affirmed with costs. It is so ordered.

Badt, C. J., and Pike, J., concur.