ALICE FENNELL, Appellant, v. HARRY E. MILLER, LEO J. BENZINI, and VIRGINIA M. BENZINI, dba TROPICANA MOBILE PARK; FRED GILLENBERG; ALICE GILLENBERG; MICHAEL VICTOR BURRIS, dba BURRIS PAVING COMPANY; STEVE L. HENRIE; CLARK COUNTY, NEVADA; and RALPH LAMB, SHERIFF OF CLARK COUNTY, NEVADA, Respondents.

No. 9851

August 9, 1978                                 583 P.2d 455

*John P. Foley* and *Pat J. Fitzgibbons, Jr.,* Las Vegas, for Appellant.

*Rose, Edwards, Hunt & Pearson, Ltd.,* Las Vegas, for Respondent Miller.

*Cromer, Barker & Michaelson,* Las Vegas, for Respondents Benzinis dba Tropicana Mobile Park; Gillenberg; Burris dba Burris Paving Co.; Henrie; and Clark County, Nevada.

## OPINION

*Per Curiam:*

This is an appeal from dismissal of a wrongful death action brought by decedent's wife, arising out of an automobile-pedestrian accident in Las Vegas which occurred in front of the Tropicana Mobile Park on the evening of November 10, 1971. Appellant's husband, Joseph Fennell, was crossing Tropicana Avenue when he was struck and fatally injured by an automobile driven by respondent Harry Miller. Appellant subsequently initiated this action against Miller; the Benzinis, owners of the park, and Fred Gillenberg, its manager; Michael Burris, dba Burris Paving Company, and Steve Henrie, who were responsible for paving the streets and driveways of the park on the day of the accident; Clark County; and the State of Nevada. Following presentation of appellant's case-in-chief to the jury, the trial court granted the motion of all defendants for involuntary dismissal, pursuant to NRCP 41(b).

This court has previously dismissed the appeal as to the State of Nevada. The question before us is whether, as to the remaining respondents, appellant failed to prove a sufficient case for the jury. A motion for involuntary dismissal "admits the truth of a plaintiff's evidence and all inferences that reasonably can be drawn therefrom, and the evidence must be interpreted in the light most favorable to the plaintiff." Gunlock v. New Frontier Hotel, 78 Nev. 182, 183–84, 370 P.2d 682 (1962). Even judged by such generous standards, we are constrained to agree with the court below that appellant is not entitled to recovery.

## 1. *The Evidence.*

The evidence, viewed in the light most favorable to appellant, established the following relevant facts. On the day of the fatal accident, *Burris Paving Company* was applying asphalt sealant to the entrance, streets and driveways of the Tropicana Mobile Park, where appellant and Fennell resided. While the sealant was drying, residents were directed by the park manager to park their cars in a vacant lot across Tropicana Avenue, a five-lane thoroughfare. Shortly before 6:00 p.m., Fennell went to the entrance of the park to meet some dinner guests.

After a short conversation with the manager, Fennell started across Tropicana Avenue from the park entrance toward his guests, who were in the lot on the south side of the avenue, slightly to the east of the entrance. As Fennell reached the southernmost lane of traffic, he was struck from the rear by Miller's eastbound car. Based on examination of Miller's skid marks, the investigating officer concluded that Miller had applied his brakes two feet prior to the point of impact; Miller himself had no recollection of seeing Fennell before the impact occurred. The investigating officer also concluded, on the basis of the physical evidence, that Miller had been traveling at a speed of 38 miles per hour when he applied his brakes.

The portion of Tropicana Avenue where the accident occurred was comprised of four traffic lanes and a center turn lane; it had neither street lights nor pedestrian crosswalks. The posted speed limit was 45 miles per hour. At the time the accident occurred, it was dark, and the street itself was not illuminated by the lights at the entrance to the park. Traffic was described as moderate; there was evidence that there had been a temporary break in westbound traffic just before Fennell began to cross the thoroughfare.

## 2. *Respondents' Liability.*

As to respondent Miller, appellant has simply failed to present any evidence upon which a reasonable inference of negligence could be based. Her contention that such an inference could be based upon Miller's failure to see decedent in time to avoid the impact is disposed of by our ruling in Johnson v. Brown, 77 Nev. 61, 359 P.2d 80 (1961). In affirming involuntary dismissal, we held that

> [I]t is not required of the driver of a vehicle to anticipate that a pedestrian would be crossing a boulevard in the middle of a block at any point other than within a marked crosswalk, any more than a driver should anticipate that a vehicle approaching from the opposite direction would suddenly cross over into his lane of traffic. A driver cannot

be charged with failure to exercise due care toward a person so crossing the boulevard, unless such person is observed in time for the driver to avoid colliding with him.

*Id.* at 66, 359 P.2d at 82.

In this case, as in *Johnson,* there was no reason for a driver to anticipate that a pedestrian would suddenly appear in his path. Nor is there any evidence which would support an inference that Miller, driving in the dark, in the midst of rush-hour traffic, actually saw Fennell in time to avoid a collision. Appellant's additional contentions with regard to Miller's negligence may be dismissed with the observation that a jury may not arbitrarily reject credible testimony which is contadicted neither by other testimony nor the available physical evidence. Kerr v. Mills, 87 Nev. 153, 483 P.2d 902 (1971).

Appellant has discussed at length the duties of the various other respondents toward decedent. It is unnecessary to explore the issues thus raised, for we agree with respondents' contention that decedent was guilty of contributory negligence as a matter of law.[1] A pedestrian crossing a highway at any point other than an intersection or a marked crosswalk has a statutory duty to yield the right-of-way to all vehicles on the highway. NRS 484.327, *subd.* 1. A pedestrian with such a duty has a corresponding duty to "look in the direction or directions of anticipated danger, and to continue to be alert to safeguard against injury." Gibb v. Cleave, 55 P.2d 938, 939 (Cal.App. 1936), quoting Lavin v. Fereria, 52 P.2d 518 (Cal.App. 1935).

The only reasonable inference which may be drawn from the established facts is that decedent, crossing the five-lane thoroughfare toward his guests, at an angle which placed his back to eastbound traffic, simply failed to continue to be alert to the approach of oncoming vehicles. It is clear that but for the negligence of decedent, who subjected both himself and oncoming vehicles to an unreasonable risk of harm in the circumstances presented, the accident would not have occurred. Appellant is thus precluded from recovering from the remaining respondents. *See* Gibb v. Cleave, *supra;* Chase v. Thomas, 46 P.2d 200 (Cal.App. 1935); Chiribel v. Southern Pac. Co., 79 Nev. 311, 383 P.2d 1 (1963); NRS 41.080.

The judgment of the district court is affirmed.

---

[1]The comparative negligence statute, NRS 41.141, was not in effect when this accident happened, and does not have retrospective application. Rice v. Wadkins, 92 Nev. 631, 555 P.2d 1232 (1976).