FIRST NATIONAL BANK OF NEVADA, EXECUTOR OF THE ESTATE OF L. S. BROTHERTON, DECEASED, APPELLANT, *v.* RON RUDIN REALTY CO., A NEVADA CORPORATION, RESPONDENT.

No. 10883

February 10, 1981                    623 P.2d 558

*Paul L. Larsen, Chartered,* and *Foley Brothers,* Las Vegas, for Appellant.

*Wiener, Goldwater & Waldman, Ltd.,* Las Vegas, for Respondent.

## OPINION

By the Court, MANOUKIAN, J.:

In this appeal, appellant-plaintiff requests us to reverse, contending that the trial court (1) improperly granted respondent-defendant's motion for involuntary dismissal under NRCP 41(b), and (2) improvidently determined the escrow agreement's forfeiture clause to be invalid as a penalty. We affirm.

Appellant Bank, as executor of the estate of L. S. Brotherton, Deceased, (hereinafter referred to as Brotherton) sought the recovery of $19,000 claimed due under a forfeiture clause contained in an escrow agreement between Brotherton and Ron Rudin Realty Co. (hereinafter referred to as Rudin). The escrow agreement was entered into by Brotherton and Rudin on May 14, 1973, a time at which Brotherton did not have any title to, nor possession of the property which was the subject of the escrow. Brotherton had, however, previously entered into an escrow agreement to purchase the property from the then owner, Michael R. Terlizzi, on September 13, 1972.

The purchase price ultimately specified in the Brotherton/ Rudin escrow was $466,000, of which $25,000 in earnest money was to be paid before May 18, 1973. Subsequently and pursuant to the escrow's earnest money provision, Rudin paid $6,000 to Brotherton. The Brotherton/Rudin escrow never closed, although Brotherton eventually acquired title to the property through the Brotherton/Terlizzi escrow in August of 1973. Thereafter, Brotherton sold the property to someone other than Rudin, and commenced this action based upon the following clause in the Brotherton/Rudin escrow agreement: "It is understood and agreed that the earnest money deposited of $25,000.00 will be forfeited to the Seller herein in the event the Buyer fails to complete this transaction." He alleged, inter alia, that under the foregoing provision, the $6,000 was forfeited and the $19,000 was due and payable. Rudin answered affirmatively alleging Brotherton's failure of performance and the invalidity of the forfeiture clause.

At the close of appellant's case in chief, the trial court granted respondent's motion for involuntary dismissal, finding that since appellant did not have title to the property, he was not entitled to require repondent's performance under the Brotherton/Rudin escrow and that the contract called for an invalid forfeiture. Finally, the court found that Brotherton had failed to offer "any proof of any damages sustained . . . by reason of . . . Rudin's failure to complete the escrow," and that consequently, Brotherton did not sustain any damage by reason of the failure of the escrow to close.

*1.  The Involuntary Dismissal.*

In Bates v. Cottonwood Cove Corp., 84 Nev. 388, 391, 441 P..2d 622, 624 (1968), we set forth in detail the appellate, as well as trial court, standard for review of a NRCP 41(b)[1] motion for involuntary dismissal upon completion of a plaintiff's case in chief: "[the] plaintiff's evidence must be accepted as true, both the trial court and this court must draw all permissible inferences in his favor, and not pass upon the credibility of the witnesses nor weigh the evidence [citations omitted]." *See also* Fennell v. Miller, 94 Nev. 528, 583 P.2d 455 (1978).

While we recognize that there are cases in which the granting of a motion to dismiss under NRCP 41(b) should be reviewed

---

[1]NRCP 41(b) provides in part:

> After the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has failed to prove a sufficient case for the court or jury.

under the "clearly erroneous" standard of NRCP 52(a), *see* Martin v. Ross, 96 Nev. 916, 620 P.2d 866 (1980), the present case is inappropriate for such a standard of review, for although the district court made findings of fact and conclusions of law, only one witness, a non party, was called by the appellant and it does not appear that there had been a "complete trial" before the plaintiff rested his case. *Id* at 918. Accordingly, we are bound by the stricter *Bates* standard in the instant case.

At the close of appellant's case in chief, in addition to the facts hereinabove mentioned, the record shows that Brotherton and Rudin entered into an escrow for the sale of the Fez Motel and incidental personalty; that the escrow was to close on May 31, 1973; that pursuant thereto, Rudin made a payment of $6,000 to the escrow which was disbursed to Brotherton; that even had the entire $25,000 been deposited, the escrow holder "could not have closed the [Brotherton/Rudin] escrow without further instructions;" that Brotherton gave no such closing instructions, nor was the Brotherton/Terlizzi escrow ever referred to in the Brotherton/Rudin escrow; that Brotherton did not obtain title to the property until August 23, 1973; that numerous, substantial repairs and improvements were required to be made to the properties by Brotherton under the terms and conditions of the escrow, and the record is devoid of any evidence showing compliance with such conditions.

Although the escrow officer testified that had Brotherton directed her to "transfer the money to another escrow . . . [he] would then gain title to the property," the record does not support this testimony, as the Brotherton/Terlizzi escrow did not close until well beyond the May 31st deadline.

Even drawing all permissible inferences in favor of appellant and irrespective of the requirement of any payment by Rudin to Brotherton, and the absence of a provision in the escrow agreement that may have required Brotherton to have title at the time of the opening of the escrow or on payment, in the context of this case, we believe that Brotherton owed a duty to Rudin to either have title at the relevant time or to inform Rudin of the condition and status of the title. This is so notwithstanding any suggestion in the record that respondent may have been anticipatorily in breach of his obligation to timely pay the remainder of the $25,000. *Cf.* Woodard, *et ux,* v. Allen, 265 P.2d 398 (Utah 1953) (contract expressly provided that title was deliverable after final payment).

We therefore conclude that respondent's performance was

excused and that the trial court properly granted respondent's motion to dismiss with prejudice.

In that our determination of the first issue is dispositive of this case, we do not reach the second issue concerning the validity of the forfeiture clause. The trial court correctly awarded to respondent the $6,000 previously paid in escrow, together with attorneys fees and costs.

Accordingly, we affirm.

BATJER and MOWBRAY, JJ., and YOUNG, D. J.,[2] concur.

GUNDERSON, J., concurring:

I concur in the result.