# IN THE SUPREME COURT OF THE STATE OF NEVADA

DITECH FINANCIAL LLC,
Appellant,
vs.
TYRONE & IN-CHING, LLC,
Respondent.

No. 68388

**FILED**

DEC 2 2 2016

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER VACATING AND REMANDING

This is an appeal from a district court's summary judgment order in a quiet title action. Eighth Judicial District Court, Clark County; James Crockett, Judge.

Appellant Ditech Financial LLC (Ditech) held a first deed of trust on property that was foreclosed upon by a homeowners' association (HOA). Respondent Tyrone & In-Ching, LLC (Tyrone) purchased the property from the winning bidder. Tyrone brought suit against Ditech to quiet title in its favor, and Ditech filed an answer and counterclaim arguing that the foreclosure sale was invalid. Tyrone then filed a motion for summary judgment, which the district court granted. This appeal followed.

In *Shadow Wood Homeowners Ass'n, Inc. v. New York Community Bancorp, Inc.*, this court recognized that a quiet title action is equitable in nature and, as such, a court must consider the "entirety of the circumstances that bear upon the equities." 132 Nev., Adv. Op. 5, 366 P.3d 1105, 1114 (2016). In particular, we discussed the following factors as potentially bearing on the equities of an HOA's foreclosure sale: (1) a grossly inadequate foreclosure sale price; (2) a showing of fraud, unfairness, or oppression leading to the foreclosure sale; (3) the extent to which a complaining party's inaction led to the HOA's foreclosure sale; and (4) the presence of a bona fide purchaser. *Id.* at 1112-16.

Here, the district court granted summary judgment in favor of Tyrone before this court issued *Shadow Wood*, and thus, the district court

16-39904

was unable to consider the disputed factual questions material to the competing equities in this case. Therefore, we conclude that summary judgment in Tyrone's favor was not proper. *See Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) ("Summary judgment is appropriate and shall be rendered forthwith when the pleadings and other evidence on file demonstrate that no genuine issue as to any material fact [remains] and that the moving party is entitled to a judgment as a matter of law." (internal quotation marks omitted) (alteration in original)). Therefore, we

ORDER the judgment of the district court VACATED AND REMAND this matter to the district court for proceedings consistent with this order.[1]

_____, J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

---

[1]Ditech also argues, *inter alia,* that (1) the district court erred by denying Ditech's discovery motion under NRCP 56(f), and (2) NRS Chapter 116's opt-in notice regime violates constitutional due process. In regard to the first argument, we acknowledge that there remains disputed factual questions material to the competing equities in this case. As to the second argument, we acknowledge that the Ninth Circuit has recently held as much. *See Bourne Valley Court Trust v. Wells Fargo Bank, N.A.,* 832 F.3d 1154 (9th Cir. 2016). However, we decline to address these arguments because Ditech is entitled to the appellate relief it seeks on other grounds. *See First Nat. Bank of Nev. v. Ron Rudin Realty Co.,* 97 Nev. 20, 24, 623 P.2d 558, 560 (1981) ("In that our determination of the first issue is dispositive of this case, we do not reach the second issue.").

cc: Hon. James Crockett, District Judge
Brooks Hubley LLP
Weil & Drage, APC
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A