# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF THE CWABS, INC. ASSET BACKED CERTIFICATES SERIES 2005-17; AND RECONTRUST COMPANY, N.A.,
Appellants,
vs.
STAR GOLDEN ENTERPRISES SERIES 6,
Respondent.

No. 68345

FILED

JAN 25 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER VACATING AND REMANDING

This is an appeal from an order granting summary judgment in a quiet title action. Eighth Judicial District Court, Clark County; Douglas Smith, Judge.

Appellant The Bank of New York Mellon (BNYM) held a first deed of trust on property that was foreclosed upon by a homeowners' association (HOA). Respondent Star Golden Enterprises Series 6 (Star Golden) purchased the property at the HOA's foreclosure sale. Star Golden then brought suit against BNYM to quiet title in its favor and moved for summary judgment before the commencement of discovery. In response, BNYM's counsel submitted an affidavit pursuant to NRCP 56(f), outlining additional factual issues in need of development during discovery. The district court granted Star Golden's motion for summary judgment, and BNYM appeals the district court's order.

17-02809

In *Shadow Wood Homeowners Ass'n, Inc. v. New York Community Bancorp, Inc.*, this court recognized that a quiet title action is equitable in nature and, as such, a court must consider the "entirety of the circumstances that bear upon the equities." 132 Nev., Adv. Op. 5, 366 P.3d 1105, 1114 (2016). In particular, we discussed the following factors as potentially bearing on the equities of an HOA's foreclosure sale: (1) a grossly inadequate sale price; (2) a showing of fraud, unfairness, or oppression leading to the sale; (3) the extent to which a complaining party's inaction led to the sale; and (4) the presence of a bona fide purchaser. *Id.* at 1112-16. Additionally, we noted that a deed of trust beneficiary's tender of the purported superpriority portion of an HOA's lien is a relevant consideration when determining whether an HOA foreclosure sale extinguishes the deed of trust. *Id.* at 1114.

Here, the district court granted summary judgment in favor of Star Golden before this court issued *Shadow Wood*, and thus, the district court was unable to address BNYM's May 2012 letter offering to tender the superpriority portion of the HOA's lien. Because genuine issues of material fact remain, we conclude that summary judgment in respondent's favor was not proper. *See Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) ("Summary judgment is appropriate and shall be rendered forthwith when the pleadings and other evidence on file demonstrate that no genuine issue as to any material fact remains and that the moving party is entitled to a judgment as a matter of law." (internal quotation marks omitted)). We note that BNYM presents other arguments in this appeal; however, we decline to address these arguments because BNYM is entitled to the appellate relief it seeks. *See First Nat. Bank of Nev. v. Ron Rudin Realty Co.*, 97 Nev. 20, 24, 623 P.2d 558, 560

(1981) ("In that our determination of the first issue is dispositive of this case, we do not reach the second issue.").  Therefore, we

ORDER the judgment of the district court VACATED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, C.J.
Cherry

_____, J.
Douglas

_____, J.
Gibbons

cc:   Hon. Douglas Smith, District Judge
      John Walter Boyer, Settlement Judge
      Akerman LLP/Las Vegas
      Kim Gilbert Ebron
      Garman Turner Gordon
      Eighth District Court Clerk