# IN THE SUPREME COURT OF THE STATE OF NEVADA

DISCOUNT TIRE COMPANY OF
NEVADA, INC., A NEVADA
CORPORATION; AND LIBERTY
INSURANCE UNDERWRITERS, INC.,
AN ILLINOIS INSURANCE
COMPANY,
Appellants,
vs.
FISHER SAND & GRAVEL CO., A
NORTH DAKOTA CORPORATION,
Respondent.

No. 69103

FILED

APR 1 4 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting partial summary judgment, certified as final under NRCP 54(b), in an action seeking contribution and equitable indemnity. Eighth Judicial District Court, Clark County; Rob Bare, Judge.

This matter stems from a vehicle accident that resulted in the deaths of two adults and injuries to their three minor children. The administratrix of the adults' estates (the Estate) and the guardian ad litem for the children (subject children) sued appellant Discount Tire Company of Nevada, Inc. (Discount Tire), and Discount Tire filed a separate suit against respondent Fisher Sand & Gravel Co. (Fisher), seeking contribution and equitable indemnity due to a failure to maintain safety protocols. Subsequently, Discount Tire reached a settlement agreement separately with the Estate and the subject children. Following Discount Tire's settlement agreements, Nevada Department of

Transportation, a nonparty to this appeal, filed a motion for summary judgment in this action, and Fisher joined the motion. The district court granted Fisher partial summary judgment.[1] Discount Tire now appeals, arguing that (1) it has perfected its contribution claim against Fisher pursuant to NRS 17.225(3) as a matter of law, and (2) it and Fisher share a special relationship to support its equitable indemnity claim.[2] We reject Discount Tire's arguments and affirm the district court's order granting Fisher partial summary judgment.

*Standard of review*

"Summary judgment is appropriate . . . when the pleadings and other evidence on file demonstrate that no genuine issue as to any material fact remains and that the moving party is entitled to a judgment as a matter of law." *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (internal quotation marks omitted). "[W]hen reviewing a motion for summary judgment, the evidence, and any reasonable inferences drawn from it, must be viewed in a light most favorable to the nonmoving party." *Id.* Still, "the nonmoving party . . . bears the burden to do more than simply show that there is some metaphysical doubt as to the operative facts," and "is not entitled to build a case on the gossamer

---

[1]The parties are familiar with the material facts here; thus, we will not recount them further, except as necessary to reach our disposition.

[2]The district court's order granting Fisher partial summary judgment was certified as final pursuant to NRCP 54(b) by separate order because the district court found that the resolution of the present matter before this court "could result in the complete dismissal of all of the pending proceedings against the parties that did not yet join in nor bring a Motion for Summary Judgment on their own behalf."

threads of whimsy, speculation, and conjecture." *Id.* at 732, 121 P.3d at 1031 (internal quotation marks omitted). This court reviews a district court's order granting summary judgment de novo. *Id.* at 729, 121 P.3d at 1029.

*The district court did not err in holding that Discount Tire failed to perfect its contribution claim against Fisher*

First, Discount Tire argues that NRS 17.225(3) unambiguously provides that the liability of a party from whom contribution is sought does not need to be extinguished within the four corners of the settlement agreement. We disagree.

This court reviews questions of statutory interpretation de novo. *See Zohar v. Zbiegien*, 130 Nev., Adv. Op. 74, 334 P.3d 402, 405 (2014). This court must first determine whether the disputed statute is ambiguous. *D.R. Horton, Inc. v. Eighth Judicial Dist. Court*, 125 Nev. 449, 456 215 P.3d 697, 702 (200). If the statutory language is "facially clear," this court must give that language its plain meaning. *Id.* Conversely, a statute is ambiguous if "it is susceptible to more than one reasonable interpretation." *Id.* If the statutory language is ambiguous, "this court will construe a statute by considering reason and public policy to determine legislative intent." *Id.* Additionally, this court will construe multiple legislative provisions as a whole. *See id.* at 456-57, 215 P.3d at 702.

"Contribution is a creature of statute . . . ." *Doctors Co. v. Vincent*, 120 Nev. 644, 650, 98 P.3d 681, 686 (2004). "Under the Nevada statutory formulation, the remedy of contribution allows one tortfeasor to extinguish joint liabilities through payment to the injured party, and then seek partial reimbursement from a joint tortfeasor for sums paid in excess of the settling or discharging tortfeasor's equitable share of the common

liability." *Id.* at 651, 98 P.3d at 686. NRS 17.225(3) provides the right to contribution and states:

> A tortfeasor who enters into a settlement with a claimant is not entitled to recover contribution from another tortfeasor *whose liability for the injury or wrongful death is not extinguished by the settlement* nor in respect to any amount paid in a settlement which is in excess of what was reasonable.

NRS 17.225(3) (emphasis added).

We hold that NRS 17.225(3) is ambiguous as to whether the non-settling tortfeasor's liability must be extinguished (1) as a matter of law, or (2) by explicit terms within the settlement agreement. However, we have previously interpreted NRS 17.225(3) to require an examination of the settlement terms in determining whether a party's liability has been extinguished to perfect a contribution claim.[3] *See Doctors Co.*, 120 Nev. at 652, 98 P.3d at 687 (providing that a settlement between an insurer and insured "*by its terms,* did not extinguish [the agent's] liability," and that "[the] omission [was] fatal to [the insurer's] potential contribution claim as a matter of law" (emphasis added)). Furthermore, this court noted that NRS 17.245(1)(a) supports such a requirement by providing that "a release given in good faith to one of two or more persons liable in tort for the same injury 'does not discharge any of the other tortfeasors from liability . . . *unless its terms so provide.*'" *Id.* at 653 n.16, 98 P.3d at 687 n.16 (quoting NRS 17.245(1)(a)); *see also State, Div. of Ins. v. State Farm*

---

[3]We note that NRS 17.225's legislative history does not provide meaningful guidance as to the extinguishment of a non-settling tortfeasor's liability to perfect a contribution claim.

*Mut. Auto. Ins. Co.*, 116 Nev. 290, 295, 995 P.2d 482, 486 (2000) ("[W]hen the legislature enacts a statute, this court presumes that it does so with full knowledge of existing statutes relating to the same subject." (internal quotation marks omitted)). Lastly, because each case presents its own unique set of facts, allowing the liability of a party from whom contribution is sought to be extinguished as a matter of law would create uncertainty when seeking contribution claims. As such, we hold that the liability of a party from whom contribution is sought must be extinguished within the four corners of the settlement agreement.

Here, Discount Tire's settlement agreement with the subject children failed to perfect its contribution claim against Fisher.[4] First, the settlement agreement contained neither specific nor general language relieving Fisher of future claims or liabilities. Second, Discount Tire presented no evidence that the subject children waived any right to pursue Fisher for its alleged negligence due to this incident. Lastly, Discount Tire concedes "that no such express language appears in the settlement documents themselves." Thus, we conclude that no genuine issue of material fact remains regarding Discount Tire's unperfected contribution claim against Fisher, and the district court did not err in concluding that "Discount [Tire] did not properly perfect its contribution claims in order to seek such relief from Fisher."[5]

---

[4]Discount Tire argues, and Fisher does not dispute, that the statute of limitations for the Estate's claims against Fisher has run. Thus, any risk of future claims against Fisher would stem from the claims brought on behalf of the subject children.

[5]Both parties also dispute whether (1) Fisher's liability has been extinguished as a matter of law because the statute of limitations for the
*continued on next page . . .*

*The district court did not err in dismissing Discount Tire's equitable indemnity claim*

Second, Discount Tire argues that it and Fisher share a special relationship, and thus, the district court erred in dismissing its equitable indemnity claim. We disagree.

"Equitable indemnity, which allows a defendant to seek recovery from other potential tortfeasors, is generally available to remedy the situation in which the defendant, who has committed no independent wrong, is held liable for the loss of a plaintiff caused by another party." *Pack v. LaTourette*, 128 Nev. 264, 268, 277 P.3d 1246, 1248-49 (2012) (internal quotation marks omitted). A claimant seeking equitable indemnity must plead and prove, *inter alia*, that there exists "some nexus or relationship between the indemnitee and indemnitor." *Rodriguez v. Primadonna Co.*, 125 Nev. 578, 590, 216 P.3d 793, 802 (2009). In particular, "there must be a preexisting legal relation between them, or some duty on the part of the primary tortfeasor to protect the secondary tortfeasor." *Pack*, 128 Nev. at 268, 277 P.3d at 1249.

---

*. . . continued*

Estate's claim has expired, (2) claim preclusion prevents the subject children from bringing subsequent claims against Fisher, and (3) Discount Tire paid in excess of its equitable share pursuant to NRS 17.225(2). Because we hold that Discount Tire's settlement agreement with the subject children failed to perfect its contribution claim against Fisher, we decline to address these arguments. *See First Nat'l Bank of Nev. v. Ron Rudin Realty Co.*, 97 Nev. 20, 24, 623 P.2d 558, 560 (1981) ("In that our determination of the first issue is dispositive of this case, we do not reach the second issue.").

As an initial matter, we hold that Discount Tire and Fisher are joint tortfeasors, and not successive tortfeasors. *Compare Joint Tortfeasors, Black's Law Dictionary* (10th ed. 2014) (defining joint tortfeasors as "[t]wo or more tortfeasors who contributed to the claimant's injury and who may be joined as defendants in the same lawsuit"), *and* 74 Am. Jur. 2d *Torts* § 64 (2012) (providing that "joint tortfeasors act negligently—either in voluntary, intentional concert, or *separately and independently*—to produce *a single indivisible injury*" (emphases added)), *with Hansen v. Collett*, 79 Nev. 159, 167, 380 P.2d 301, 305 (1963) (providing that successive tortfeasors must produce acts "differing in time and place of commission as well as in nature, [causing] *two separate injuries* [that] gave rise to two distinct causes of action" (emphasis added)), *and Successive Tortfeasors, Black's Law Dictionary* (10th ed. 2014) (defining successive tortfeasors as "[t]wo or more tortfeasors whose negligence occurs at different times and causes *different injuries* to the same third party" (emphasis added)). The parties do not dispute that there was one, indivisible injury suffered by the family. Therefore, Discount Tire must plead and prove that it shared a special relationship with Fisher.

We further hold that Fisher neither had a preexisting legal relationship with Discount Tire, nor a duty to protect Discount Tire's interests. In particular, Discount Tire cites to no authority in support of its proposition that a highway construction company shares a special relationship with everyone who is "relying on the safety of those highways." Thus, we conclude that no genuine issues of material fact exist regarding the district court's conclusion that Discount Tire did not have

privity or a special relationship with Fisher to support an equitable indemnity claim.[6] Therefore we,

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:   Hon. Rob Bare, District Judge
      Craig A. Hoppe, Settlement Judge
      Carraway & Associates
      Hutchison & Steffen, LLC
      Kravitz, Schnitzer & Johnson, Chtd.
      Eighth District Court Clerk

---

[6]Discount Tire also argues that (1) even if it and Fisher do not share a special relationship, such a requirement only applies to joint tortfeasors; (2) it and Fisher are successive tortfeasors, not joint tortfeasors; and (3) Nevada caselaw has not applied the equitable indemnification doctrine to successive tortfeasors, and thus, this court should extend the doctrine of equitable indemnity to successive tortfeasors without requiring a special relationship. However, because we hold that Discount Tire and Fisher are joint tortfeasors, and not successive tortfeasors, we need not reach these arguments. See First Nat'l Bank of Nev., 97 Nev. at 24, 623 P.2d at 560.